HENRY THEUNEN v. THE IOWA MUTUAL BENEFIT ASSOCIATION, Appellant.

**Benefit Insurance Contract:** LIMITING LIABILITY: *Repugnancy.* A certificate of membership in a mutual benefit society may limit an express promise to pay a fixed amount at the end of an endowment period, by providing that, if there shall not be a certain number of members, a payment of the amount that a full assessment will bring, based on the ages at which the members joined the society, shall be payment in full of the certificate; and the express promise and said condition do not make the contract void for repugnancy.

*Appeal from Scott District Court.*—HON. C. M. WATERMAN, Judge.

FRIDAY, APRIL 9, 1897.

ACTION at law upon a certificate of membership issued by defendant, a mutual benefit association, to the plaintiff. The court sustained a demurrer to the defendant's answer, and defendant appeals.—*Reversed.*

*Davison & Lane* and *Struble & Stiger* for appellant.

The members of a mutual insurance company are presumed to have knowledge of the articles of incorporation and by-laws of the company.
*Hobbs v. Iowa Mut. Ben. Assoc.,* 82 Iowa, 112, 11 L. R. A. 299; *Simeral v. Dubuque Mut. Fire Ins. Co.,* 18 Iowa, 322; *Coles v. Iowa State Mut. Ins. Co.,* 18 Iowa, 431; *Miller v. Hillsborough Mut. Fire Assur. Assoc.,* 42 N. J. Eq. 462.

NOTE.—As to action at law for insurance to be paid out of assessments, see also *Follis v. United States Mutual Accident Association* (Iowa) 28 L. R. A. 78, and *Lawler v. Murphy* (Conn.) 8 L. R. A. 113, and *note.*

The officers of a mutual insurance company cannot dispense with terms and conditions of insurance which by-laws impose, unless they are authorized to do so.

*Masonic Mut. Ben. Soc. v. Burhart*, 110 Ind. 192; *Eastman v. Provident Mut. Relief Assoc.*, 62 N. H. 555.

The charter, by-laws and certificate of membership, taken together, show what was the understanding of the parties.

Niblack, Mut. Ben. Soc. (2d Ed.), section 136.

A contract, unauthorized by the articles of incorporation of a mutual benefit association is void.

*Twist v. Guaranty Life Association*, 87 Iowa, 733; *Lucas v. White Line Transfer Co.*, 70 Iowa, 541 (59 Am. Rep. 449); *Davis v. Old Colony R. Co.*, 131 Mass. 258 (41 Am. Rep. 221); *Hood v. New York & N. H. R. Co.*, 22 Conn. 502; Niblack, Mut. Ben. Soc. (2d Ed.), section 97; Cook, Stock and Stockholders (2d Ed.), section 686, note 3; *Pearce v. Madison & I. R. Co.*, 62 U. S. 21 How. 441, 16 L. Ed. 184); *Miller v. Hillsborough Mut. F. Assur. Asso.*, 42 N. J. Eq. 459; *Rockhold v. Canton Masonic Mut. Benev. Soc.*, 129 Ill. 440, 2 L. R. A. 420.

*Becker & Thuenen* for appellee.

The article does not provide that the association shall not enter into a contract for the payment of more than the net result of one assessment. It merely fixes the liability of the association on a certificate which contains no provisions for the payment of a specific sum.

The article is merely enabling in its character, and not restrictive of the general power of the association to insure the lives of its members in any sum.

*Relief F. Ins. Co. v. Shaw*, 94 U. S. 574, 24 L. Ed. 291.

Article 7 provides: This association shall have two plans of operation for insuring the lives of persons.

One plan shall be styled the endowment plan and known as division "A," under which it will insure the lives of persons for a term of years, and if they survive the term of years, pay the insured a sum of money as expressed in the certificate given each person insured.

The amount expressed in the certificate is three thousand dollars, and there are no conditions attached except that he remain a member and be living on the eighteenth day of December, 1894.

Article 5 provides that they will pay an amount equal to the net results of one assessment on the members of division "A."

Here are two conflicting articles.

Where the terms of a contract of insurance are inconsistent or ambiguous they should be construed in favor of the insured.

Niblack, Mut. Ben. Soc., sections 143, 146; *Northwestern Mutual Life Insurance Co. v. Hazelett*, 105 Ind. (55 Am. Rep. 193); *Hobbs v. Iowa Mutual Benefit Association*, 82 Iowa, 111; 11 L. R. A. 299; *Davidson v. Old People's Mutual Benefit Society*, 39 Minn. 303, 1 L. R. A. 842.

No corporation will be allowed to plead *ultra vires* after the contract has been fully executed by one of the parties thereto.

*Matt v. Roman Catholic Mutual Protective Society*, 70 Iowa, 455; Niblack, Mut. Ben. Soc., section 13; *Bloomington Mutual Benefit Association v. Blue*, 120 Ill. 121 (60 Am. Rep. 558.)

DEEMER, J.—The defendant is a mutual benefit society, doing business on the assessment plan. It has no stock, and is simply an association of persons who, according to the articles of incorporation and by-laws, agree that upon the death of any, each of the survivors will contribute to a fund for the benefit

of the widow and children of the deceased. Its articles of incorporation also provide that, in the event any member should continue his membership to a given date, each of the others would contribute by way of assessment a certain sum to a fund for the benefit of such member. On the eighth day of December, 1883, the defendant issued to plaintiff a certificate of membership by which the company, in consideration of the payment of dues and assessments, agreed to pay the wife of plaintiff the sum of three thousand dollars upon the death of said Henry Theunen. The certificate also contained these provisions: "If, however, the person named in this certificate continue a member, and be living, on the eighteenth day of December, 1894, then the full amount named herein shall become due and payable to the said Henry Theunen within ninety days after identification. This certificate is issued and accepted upon the following expressed conditions: *First.* If said member dies within five years from the date of this certificate, then the beneficiary entitled to the benefits hereunder shall receive, and this association agrees to pay, one-half the amount named in this certificate, and the same shall be in full satisfaction of all claims thereon against the association. If, however, said member dies after the expiration of five years from the date of this certificate, but before the same matures, as above specified, then the beneficiary shall receive the full amount. If, however, said member dies at any time when division A has less than one thousand two hundred members, the beneficiary herein entitled shall receive the net result of an assessment upon the members of division A, not exceeding, however, the amount to which he is entitled as above expressed." The articles of incorporation were by express stipulation made a part of the certificate. These articles contained the following, among other, provisions:

"Art. 2.　The object of this association shall be to guaranty to its members and designated beneficiaries, by means of benefit certificates issued for that purpose, certain sums of money, the members making mutual pledges and giving valid obligations to each other."

"Art. 7.　This association shall have two plans of operation for insuring the lives of persons.　One plan shall be styled the 'Endowment Plan,' and known as 'Division A,' under which it will insure the lives of persons for a term of years, and, if they survive the term of years, pay the insured a sum of money as expressed in a certificate given each person insured.

"Art. 8.　Endowment Plan, Division A.
　　　　　"Section 1.

"Art. 9.　To meet the payment of certificates in division A matured by death or termination of the term of insurance upon the life of the member therein named, each member shall pay, within 30 days of written or printed notice by the association, upon each one thousand dollars expressed in his certificate, an assignment, graded according to his age at the time of becoming a member, as expressed in the following table:

　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"Art. 11, Sec. 5.　The payment of matured certificates in this division A, are subject to the following conditions, to-wit:　Whenever the division has less than 1,200 members, a payment to the beneficiary or holder of the matured certificates of the amount that a full assessment upon this division will bring shall be a payment in full; but in no case shall the beneficiary or holder thereof receive more than the amount due on the certificate."

Plaintiff was a member of division A, and, having lived the alloted time, brought this action to recover the endowment named in the policy, to wit, three

thousand dollars.   The defendant answered, pleading the articles of incorporation above set out, and alleging that they had made an assessment upon all the members of division A, resulting in the accumulation of a fund amounting to twenty-three dollars and sixty-five cents, which sum it tendered to plaintiff in satisfaction of his claim.   Defendant also pleaded that the certificate of membership, in so far as it promised to pay three thousand dollars unconditionally as an endowment, was without authority, *ultra vires*, and void.   It further averred that no request or demand had been made upon it by plaintiff to make an assessment upon the members liable to contribute to his endowment, and it claims that plaintiff has no cause of action, except to compel it to make such assessment.   The plaintiff demurred to this answer on the ground (1) that the articles of incorporation were in direct conflict with the certificate of membership, and therefore void; (2) that the defense of *ultra vires* cannot be maintained, for the reason that the contract has been executed on the part of plaintiff; and (3) that the certificate in suit calls for the payment of a specific sum of money, and not for an assessment.   It is from the ruling on this demurer that the appeal is taken.

It is conceded by both parties that the articles of incorporation of the defendant company became a part of the contract between them, and that plaintiff is presumed to have had knowledge of their terms and conditions when he became a member of the company. With the certificate of membership, they constituted the contract between the insurer and the insured, and to all of these papers we must look in arriving at a correct solution of the case.   Appellee says, however, that the conditions of the certificate of membership and articles of incorporation are in conflict, and that the contract should be construed in his favor, and as

a promise to pay three thousand dollars absolutely, and not the net result of an assessment upon members belonging to his division or class. He relies upon the rule that, where there is doubt or ambiguity as to the meaning of the contract, or where there are repugnant provisions, that construction should be adopted which is most favorable to the assured. It is said in argument that both the certificate and article 7 of the articles of incorporation, contain an express promise to pay three thousand dollars, and that section 5, of article 11, is repugnant thereto, and therefore void. As the articles of incorporation are to be construed with the certificate of membership, it is the same as if they had been written at length therein, and, if they had been so written, the contract would have been an express promise to pay three thousand dollars upon the death of the assured, subject to the condition named in the certificate itself, which limited the amount in case his death occurred within five years of the issuance of the policy, and the further condition that there shall be one thousand two hundred members at the time of his demise. If there were not that many members, then the company was to pay the net result of an assessment upon the members of that division. There is also a promise to pay three thousand dollars to the assured on the eighteenth day of December, 1894, "subject to the following conditions, to-wit: Whenever the division has less than one thousand two hundred members, a payment to the beneficiary or holder of the matured certificates of the amount that a full assessment upon the division will bring, shall be a payment in full; but in no case shall the beneficiary or holder thereof receive more than the amount due on the certificate." There is no doubt or ambiguity in any of these provisions. True, the absolute promise is limited by what follows, but there is no obscurity or

uncertainty as to what was intended. There is a promise to pay three thousand dollars at the end of the endowment period, but this is limited by a further provision, which is expressly stated to be a condition of the promise, that there shall be one thousand two hundred members at the time the policy matures.

The question resolves itself, then, to this: Is a condition which limits the amount to be paid by an insurance company void because it is repugnant to the original promise? It has never been held to our knowledge that an insurance company may not limit the amount of its indemnity by proper conditions. True, these conditions being made by the company itself, are construed most strongly against it, and so as not to defeat, without a plain necessity, the claim for indemnity. But it is also true that the different provisions of an insurance contract, like that of any other, must be so construed as to give effect to all. The rule as to rejecting repugnant provisions has application only where the contract contains two provisions which are inconsistent and contradictory. The stipulation and conditions of the contract in this case are not inconsistent or contradictory, except as any condition or limitation in any contract is repugnant. And we are not prepared to go to the extent of holding that all conditions or limitations upon an absolute promise to pay are void. With but few exceptions, the aim of the court in construing a contract of insurance is to treat it like any other obligation, and to arrive at the intent of the parties. These exceptions grow largely out of the fact that the insurer writes the contract at its leisure, and deliberately makes choice of the language it uses, and for that reason the contract should be construed most strongly against the insurer. See Bacon, Ben. Soc., sections 177-179; May, Ins., sections 172-175; Wood, Ins., sections 58-62; *Kratzenstein v. Assurance Co.* (N. Y. App.) 22 N. E. Rep. 221; *Zalesky*

*v. Insurance Co.*, 102 Iowa (70 N. W. Rep. 187, and 71 N. W. Rep. 433); *Goodwin v. Society*, 97 Iowa, 226 (66 N. W. Rep. 157), and cases cited. We are quite clear that there is no such repugnancy between the different provisions of the contract in this case as to defeat the condition contained in section 5 of article 11, of the articles of incorporation of the defendant company, and it follows that the demurrer should have been overruled—REVERSED.