L. S. KENNEDY, Administrator, v. IOWA LEGION OF HONOR, Appellant.

**Benefit insurance:** CHANGE IN BENEFITS: RIGHTS OF BENEFICIARY.
1 Where a benefit certificate entitles the beneficiary to participate in a special fund, a subsequent change in such benefits by the society upon compliance by the insured with certain requirements, will not affect the rights of the beneficiary where deceased failed to perform the conditions.

**Same.** Where the assessment on the members of a class of a benefit
2 society constituted the fund for payment of a certificate on the death of a member of that class subsequent to its discontinuance, the discontinuance did not affect the beneficiary, nor entitle him to more than the proceeds of an assessment of the members of the class, made prior to its discontinuance.

*Appeal from Webster District Court.*— HON. J. R. WHITAKER, Judge.

FRIDAY, APRIL 8, 1904.

SUIT at law upon a beneficiary certificate issued by the defendant to Mary L. Kennedy. Trial to the court, and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Healy Bros. & Kelleher,* for appellant.

*M. J. Mitchell* and *Wright & Nugent,* for appellee.

SHERWIN, J.— The defendant is a fraternal benefit society.    In November, 1899, Mary L. Kennedy became a member of the women's class thereof, and received from the defendant a benefit certificate entitling her beneficiary or estate, upon her death, to participate in the benefit fund of the defendant to the extent of one assessment on the members then in good standing of the class to which she belonged, not exceeding, however, the sum of $1,000.    In May, 1901, the defendant, by resolution, provided that the " separate class for women only, as now provided in the constitution, be and is hereby discontinued, providing those members who now hold certificates in such class may be transferred to the general class for an amount not exceeding the face of the certificate now held by them in such separate class," and providing further that all members of the separate class so transferred should furnish a health certificate from the local lodge physician, or some other reputable physician, and, in the event of their inability to secure the required certificate, that all beneficiary payments made by such member should be refunded. Mary L. Kennedy died in June 1901.    When the resolution to which we have referred was adopted, in May preceding her death, the condition of her health was such that she was unable to procure the required certificate and hence she could not have been transferred to the general class, had she so desired.    The trial court found that Miss Kennedy was not a member of the general class when she died, but held the defendant liable on her certificate for the sum of $1,000.

The appellee concedes, in argument, that the deceased originally became a member of the separate or women's class, and that she never was transferred to, or became a

1. BENEFIT INSURANCE: change in benefits; rights of beneficiary.

member of, the general class.    The rights of the certificate holder, and the amount to be paid upon the death of a member, were fixed by the constitution and by-laws of the order, which in the instant case provided for the payment of such sum as would be realized from one assessment on the membership in good

standing of the class to which Miss Kennedy belonged at the
time of her death; and it is also conceded by the appellee
that, but for the action of the defendant providing for the
abandonment of the separate or women's class, no greater
sum could be rightfully demanded upon the death of a mem-
ber of that class than such an assessment would produce.
The theory of the trial court and the theory of the appellee
upon the trial seem to have been that the separate class was
discontinued, and because thereof the defendant was bound to
assess the members of the general class for the payment of
the certificate. In any view which may be taken of the case
presented by the pleadings, this theory is unsound, for, when
it is once admitted that the deceased never became a member
of the general class, as it is and must be admitted in this case,
it is clear that the membership of such class cannot be as-
sessed for the payment of this certificate, nor has the defend-
ant the power to use the funds which have been derived from
an assessment of such membership for such purpose. The
members in good standing of the women's class were the only
members of the order who could legally be called upon for an
assessment in this case. *Theunen v. The Iowa Mut. Benefit
Ass'n,* 101 Iowa, 558; *Supreme Lodge Knights of Pythias
v. Knight,* 117 Ind. 489 (20 N. E. Rep. 479, 3 L. R. A.
409).

This is a law action upon the contract, and the question
whether a court of equity might decree the action of the
defendant in attempting to discontinue the women's class an
invasion of vested rights under the certificate is
**2. SAME.**  not before us. But if it were, no facts are
shown which could warrant a holding that the plaintiff had
suffered on account of such action. A member was in good
standing who had paid the last preceding assessment. The
last assessment preceding the death of Miss Kennedy was on
the 1st of March, and, under the rules of the order, it was
payable before the 28th of the month, and members not so
paying were no longer in good standing. Furthermore, the

assessment made at that time was not made for the purpose of paying a loss then due, but was an advance assessment, as we understand the record, contemplating a future loss. If this be true, it is very apparent that in no event could the plaintiff claim more than the proceeds of an assessment on the members in good standing on the 28th of March, or more than was paid in on the March assessment, and this sum was tendered the plaintiff, in fact, unless we mistake the record. Under this system of advance assessments, the beneficiary in this case would certainly lose nothing, because new members were not taken into the class before the death of Miss Kennedy, and the standing of members of the class at the time of her death being fixed by the payment of, or failure to pay, the March assessment, the beneficiary was tendered all that he would have been entitled to had no action been taken regarding the class in May following. In other words, the loss of membership in this class after May did not affect in any way the advance assessment made on the 1st of March prior thereto.

The amount paid by the defendant on the Hollan death loss was not controlling because of this method of advance assessment. Some time intervened between the assessment from which that loss was paid and the assessment from which the loss herein would be paid under the rules of the order.

The judgment was wrong, and it is REVERSED.