## Mechler vs. The Phœnix Insurance Company.

| 38 | 665 |
|----|-----|
| 74 | 94 |
| 38 | 665 |
| 81 | 339 |
| 38 | 665 |
| 94 | 43 |
| 94 | 121 |

Fire Insurance. (1) *What misrepresentations of the assured do not vitiate the policy.* (2) *What errors in application do not vitiate the policy.* (3) *Waiver of conditions of renewal.* (4) *Insurable interest of mortgagor after foreclosure.* (5) *Who may pay premium for renewal.*

1. Unintentional misrepresentations by the assured as to the value of the property, not relied upon in issuing a fire policy, do not vitiate it.
2. Where the insurer's agent fills up the application for such a policy, knowing or having been properly informed by the applicant of facts demanded by questions therein touching title, incumbrances, value, etc., mistakes in the application as to such facts are mistakes of the insurer, and do not avoid the policy.
3. If, when such a policy is renewed, the insurer's agent knows of any change that has taken place in the title, the renewal is a *waiver* of the conditions of the policy in relation to such change.
4. After judgment for the foreclosure of a mortgage of insured premises, the mortgagor retains an insurable interest until the time for redemption expires.
5. Where A. takes out a fire policy by whose terms a loss under it is payable to B., the latter has a right to pay the renewal premium for A., on the *failure* of A. to make such payment. And it seems that payment by any person, accepted by the insurer, operates to renew the policy.

APPEAL from the Circuit Court for *Sauk* County.

Action on a policy of insurance against fire, issued May 16, 1873, to Florian Mechler, upon a building occupied by him as a brewery, etc., and upon the stock therein; the risk being $1,000 upon the building, and $1,000 upon its contents.

In February, 1871, the plaintiff, *Frank Mechler*, and his brother, Florian Mechler, entered into a contract with S. Mackey & Co. for the sale and conveyance to the two former of a certain piece of land in the village of Reedsburg, Sauk county, for $1,600, payable in one year from the date of the instrument, with interest at ten per cent. Under this contract the Mechlers took possession of the land, and erected the brewery building and fixtures and put in the personal property insured. In October, 1872, plaintiff contracted with Florian Mechler for a sale and conveyance to the latter of all the plaintiff's interest in said real property under the Mackey contract, as well as in the personal property, for $6,600; Florian covenanting meanwhile to keep the property insured. Florian Mechler then took exclusive possession of the property, and was in possession when the policy was issued and when the loss occurred. At the date of the application for said policy, no part of the principal sum of $1,600 had been paid on the Mackey contract; and it appears that about $6,000 were due from Florian Mechler to the plaintiff on the contract between them. The application of Florian Mechler for said policy contained the following questions and answers:

Q. "Ownership and value of the building and machinery; title owned in fee simple by the applicant, or are either or both held by lease? Is there any other person interested in the property or any part of it? If so, state fully the nature of such interest."

Ans. "Applicant has bond for deed; his brother owns the legal title."

Q. "What is the cash value of the buildings above the foundations, aside from the land? What is the cash value of

the machinery and fixtures? What is the cash value of the stock?"

Ans. "Average $4,000 — machinery and stock $4,000."

Q. "Incumbrance. Is the property incumbered by mortgage or otherwise, and if so, to what amount and to whom?"

Ans. "The whole, together with the real estate, which is worth $3,000, is incumbered about $6,000."

Q. "Other insurance, what amount on building?"

Ans. "$2,000 in Hartford Ins. Co."

The policy provided that the application should be considered a part of the contract and a warranty by the assured; that any false representation by him of the condition, situation or occupancy of the property, any omission of facts material to the risk, any overvaluation, and any misrepresentation, in the written application or otherwise, should avoid it; that if any change should take place in the title or possession, whether by legal process, judicial decree, or voluntary transfer or conveyance, or if the interest of the assured in the property were not truly stated in the policy, it should be void; and that in case of a renewal of the policy, it should be considered as continued under the original representations. It also provided that any loss under it should be payable to the plaintiff as his interest in the premises should appear.

In February, 1874, Joseph Mackey, to whom the interest of S. Mackey & Co. in the contract of the latter with the Mechlers had been transferred, commenced an action to foreclose the rights of the latter under that contract; and on the 19th of March following, took a judgment by which the rights of the defendants therein were to be forever barred, unless they should pay said Mackey $1,717.47 within ninety days. On the 16th of May following, the plaintiff procured a renewal of the policy, and paid the premium therefor. The land was never redeemed from this foreclosure. On the 12th of June, 1874, a few days before the time for redemption expired, the property insured was wholly destroyed by fire. At that time over $6,000 were due to

the plaintiff from Florian Mechler, on the aforesaid contract between them.

The answer alleges intentional misrepresentations by Florian Mechler, in his application, first, in respect to the value of the building, which is alleged not to have exceeded $2,400; secondly, as to the state of the legal title to the realty; thirdly, as to the incumbrances, the lien of S. Mackey & Co. being concealed. It also avers that the foreclosure of the Mackey contract was had and suffered at the instigation and in the interest of the plaintiff herein, and that he had made arrangements with Joseph Mackey to purchase the property of him again, after the equity of redemption should be extinguished, for the sum due him, and thus to cut off the interest of Florian Mechler. It also sets up the change which had taken place in the title before the renewal; avers that such renewal was procured by plaintiff without the privity or consent of Florian; and insists that the renewal was not binding on defendant.

On the trial, plaintiff testified that the building was worth, when burned and when insured, from $2,400 to $2,500. The person who took the original application for the policy, as defendant's agent, testified that it was in his handwriting; that he knew at the time the state of the title to the land, and the fact that the Mackey contract had not been paid up, but that something over $1,600 was due on it, though he did not know the exact amount; that he could not account for the statement about the title, unless it was a blunder of his; that he also knew of the contract between the Mechlers, but did not know how much was due plaintiff thereon; that he had no recollection whether the $6,000 named in the application was inclusive or exclusive of the amount due Mackey; that he should say that the $6,000 must have been Florian Mechlin's statement of the amount due, though he he had no recollection about it; that he also knew the building, and had looked it all over about the time he took the application; that he thought he didn't know anything about the

value of the building, but took the applicant's statement for that, though he did not recollect it; that he was well acquainted with the value of property in that neighborhood; that he never interfered with the valuation of property by the parties, but if he thought they wanted too much insurance, would not give it to them, because he would think that they had overestimated the value; that he used his own judgment as to the amount of insurance; and that he did not mean to insure this building for over one-half or two-thirds of its value.

Florian Mechler testified that he signed the application after the agent made it out; that he informed the agent that he had bought his brother out, and owed him $6,300; that the fact of Mr. Mackey having a claim for $1,600 was mentioned; that nothing was said about the plaintiff having a deed of the property; that he told the agent that the whole property, land, building and contents, was worth something .over $7,000, but nothing was said about the value of the building separately. He further testified that he did not get the policy renewed, nor request any one to have it renewed.

The person who acted as defendant's agent at the time of the renewal of the policy, testified that he spoke to the plaintiff about the renewal at the time; and that he then knew that Mackey's claim had been foreclosed.

The court refused instructions asked by the defendant, substantially as follows: That the application in evidence was the statement of the assured, and an agreement on his part that the statements therein were true; that the valuation of the property in the application was material to the risk, and an overvaluation rendered the policy void; that if the oral evidence in regard to the valuation was equally balanced, then the application itself created a preponderance of evidence in favor of the supposition that the assured gave the value as therein stated; and that if Florian Mechler did not procure the renewal, the policy was not renewed.

The jury were instructed, 1. That if at the time the applica-

tion was made, defendant's agent knew of his own knowledge, or was credibly informed by the applicant, in regard to any of the questions stated therein, whether in relation to the title, incumbrances, value or any other circumstance, and himself filled up the application, then any mistakes therein were mistakes of the defendant, and not of the assured, and would not avoid the policy. 2. That if at the time of the renewal of the policy the agent knew of any change which had taken place in regard to the title to the premises, such renewal was a waiver of the conditions of the policy relative to such changes in the title. 3. That notwithstanding the judgment of foreclosure in evidence, Florian Mechler and the plaintiff had an insurable interest in the premises until the time for redemption had expired. 4. That Florian Mechler was bound to keep the premises insured for plaintiff's protection, and, if he failed to do so, plaintiff had a right to renew the policy. 5. That by the terms of the contract between the Mechlers, unless it were terminated by a foreclosure or surrender thereof, Florian would be entitled to a conveyance of the premises from the plaintiff, upon complying with its conditions, whether plaintiff acquired the legal title before or after the Mackey foreclosure had become absolute, and this would uphold the insurable interest of Florian in the premises. 6. That any erroneous representations of the assured would not vitiate the policy, unless relied upon in issuing it. 7. That *prima facie* all the statements in the application were to be regarded as having been made by the applicant; but if the jury should find from the oral evidence that he made no statement to the agent about the value, except as to *all* the property (including the land, building, etc., etc.), and that such value was not intentionally misstated or materially overestimated, and that the agent, relying upon his own judgment as to the value of the property or as to how much risk he would take upon it, made the insertions in relation to the value of the property found in the application, the

fact that the value was stated too high by the agent would not defeat the policy.

Verdict for the plaintiff for the amount claimed. A new trial being denied, defendant appealed from a judgment on the verdict.

*C. C. Remington*, for appellant.

*G. Stevens*, for respondent.

RYAN, C. J. The construction and effect given by the learned judge of the court below to the application for insurance of Florian Mechler is sanctioned by repeated decisions of this court, and is not an open question here. *May v. Ins. Co.*, 25 Wis., 291; *McBride v. Ins. Co.*, 30 id., 562; *Devine v. Ins. Co.*, 32 id., 471; *Parker v. Ins. Co.*, 34 id., 363. See also *Beal v. Ins. Co.*, 16 id., 241; *Keeler v. Ins. Co.*, id., 523; *Miner v. Ins. Co.*, 27 id., 693; *Wright v. Ins. Co.*, 36 id., 522; *Winans v. Ins. Co.*, ante, 342. The question of fact, whether the specific valuations in the application were made by the assured or by the agent, was fairly submitted to the jury and determined by them.

By the terms of Florian's policy, loss under it was payable to the respondent. He had therefore an interest in the renewal of the policy. And, failing payment of the renewal premium by Florian, the respondent clearly had a right to pay it for him. Indeed it appears that payment by any person, accepted by the appellant, would have operated to renew the policy. May on Ins., sec. 352; *Howell v. Ins. Co.*, 44 N. Y., 276.

These views appear to cover all the material exceptions urged here, and to dispose of the case.

*By the Court.* — The judgment of the court below is affirmed.