### ABIJAH BUCK *vs.* PHŒNIX INSURANCE COMPANY.

### Oxford. Opinion January 2, 1885.

*Fire Insurance. Insurable interest. Misrepresentation.*

An applicant's verbal statement, " I have some buildings which I would like to have insured," made to the agent of the underwriters, without disclosing, or being interrogated in relation to, his particular interest in the property insured, is not a misrepresentation of title, although he had previously given two mortgages thereon, conveyed his equity of redemption and taken back a mortgage to secure the support of himself and wife.

Neither is the release, by the grantee of the plaintiff's equity of redemption, to the wife of the plaintiff, a change of plaintiff's title within the condition of the policy.

The value of a mortgagor's redeemable interest in the property insured is not material; for he is entitled to recover the whole amount of damage, not exceeding the sum insured.

Assumpsit on a policy of fire insurance for six hundred dollars on a dwelling house, and two hundred dollars on a barn, the dwelling house having been destroyed by fire, September 25, 1881.

The opinion states the material facts.

*George D. Bisbee and Oscar H. Hersey*, for the plaintiff.

*Enoch Foster and Addison E. Herrick*, for the defendant, contended that there was a misrepresentation by the plaintiff, of his title in the property insured.

In this case, we say the court stands in the place of a jury, under the last clause of § 20, c. 49, R. S., and may, from the report of the evidence and the facts as presented, say that the misrepresentations as to the plaintiff's title or interest were material, or that they were fraudulent. In either case, it would avoid the policy.

The counsel further claimed that the conditions of the policy had been violated. They were a part of the contract. *Waterhouse* v. *Ins. Co.* 69 Maine, 410; *Richardson* v. *Ins. Co.* 46 Maine, 398; *Day* v. *Ins. Co.* 51 Maine, 100; *Emery* v. *Ins. Co.* 52 Maine, 325.

The policy contained this condition: "Or if the property be sold or transferred, or any change take place in title or possession, whether by legal proceedings, judicial decree, voluntary transfer or conveyance . . . this policy shall be void." The conveyance by the son to his mother violated this provision of the policy, and by its terms rendered it void. Counsel further cited: *Battles* v. *Ins. Co.* 41 Maine, 208; *Brunswick* v. *Ins. Co.* 68 Maine, 314; Wood on Insurance, § 257.

VIRGIN, J. Prior to the date of the policy sued on, the plaintiff gave two successive mortgages of his farm and also a deed of warranty thereof, subject to the mortgages, taking back at the same time a mortgage for the support of himself and wife

during their respective lives. So that, when he effected the insurance, he was mortgagee of a third mortgage, or mortgagee of the equity of redeeming the first two mortgages.

The plaintiff neither made nor attempted to make any written application, nor was he requested to make one by the defendant's agent, but simply said to him, "I have some buildings which I would like to have insured," naming them. He made no further mention of the nature of his interest and was not interrogated in relation thereto.

The first objection urged against the plaintiff's right of recovery, is an alleged misrepresentation of title; the defendant claiming that the above remark constitutes one, and that it was "material" within the intent of R. S., c. 49, § 20.

We do not understand that to be a misrepresentation. A mortgagee may insure as general owner without disclosing his particular interest, unless it is inquired about. 1 Jones, Mort. 397; *Norwich F. Ins. Co.* v. *Boomer,* 52 Ill. 442. "Neither reason, authority, nor the contract of insurance," say the court in the case cited, " requires a mortgagee, unless interrogated, to state the nature of his interest in the property."

The plaintiff is not only mortgagee, and therefore holds the legal title of the equity of redeeming the two mortgages, but he is the mortgagor of them. They were given by him to secure notes signed by him. The holders of those mortgages and notes are not obliged to resort to the land mortgaged for the purpose of obtaining payment; they may bring a personal action on the notes and levy upon any other property of this plaintiff. (*Lord* v. *Crowell,* 75 Maine, 399); or they might enforce their statutory lien upon the insurance money due on this policy. R. S., c. 49, § § 52, 53. And the mere speaking of the buildings as his, was not, in the absence of any inquiry into his particular interest, a misrepresentation of his title. *Strong* v. *Manf. Ins. Co.* 10 Pick. 40, 44; *Curry* v. *Com. Ins. Co.* 10 Pick. 535, 542. If the defendant deemed incumbrances material, its agent should have made inquiries in relation thereto. Same cases. For when such inquiry is made, or when the applicant undertakes to disclose the particular nature of his interest, his

representations must be substantially correct, or the policy will be void. *Richardson* v. *Maine Ins. Co.* 46 Maine, 394; *Campbell* v. *N. E. Mut. L. Ins. Co.* 98 Mass. 381, 403; *Williams* v. *Rog. W. Ins. Co.* 107 Mass. 379.

Even after the plaintiff conveyed his equity of redemption, he retained an insurable interest, because of his liability on the mortgage notes and his consequent interest in the preservation of the property charged with the payment of them. *Strong* v. *Manf. Ins. Co. supra; Waring* v. *Loden,* 53 N. Y. 581.

The next objection is that a change took place in the title, within the meaning of one of the conditions of the policy. The alleged change is the release by the son and mortgagor of the equity of redeeming the first two mortgages, to his mother, the plaintiff's wife. If such a change would operate as a breach of the conditions, then every mortgagor could render void his mortgagee's policy of insurance. The law is not open to such a reproach. We do not understand that that release operated at all upon the plaintiff's title; and the authorities cited by the defendant have no applicability to this case.

These objections proving unavailable, the defendant claims that the insurable interest of the plaintiff cannot exceed the value of the equity of redemption of the mortgages. But this proposition is not tenable. In speaking of the interest of a mortgagor, WILDE, J., said: "The value of his redeemable interest in the property is not material. If he had an insurable interest at the time the policy was effected, and also at the time of the loss, he is entitled to recover the whole amount of damage to the property, not exceeding the sum insured." *Strong* v. *Manf. Ins. Co.* 10 Pick. 44.

The sum insured on the property destroyed, was six hundred dollars. As to the amount of damage to the property, there is some difference among the witnesses. The plaintiff sold the farm after the fire for a little over seven hundred dollars; and the witnesses estimate the value of the farm, including the buildings, before the fire, at from one thousand to one thousand two hundred or one thousand three hundred dollars. We think,

considering the age, condition and size of the house, ell and woodshed destroyed, that the entry must be,

*Judgment for plaintiff for $450 and interest from November 25, 1881.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.