SOUTHERN PANTS COMPANY v. ROCHESTER GERMAN INSURANCE COMPANY.

(Filed 1 May, 1912.)

**Insurance, Fire—Corporations—Receivers—Policies—Nonalienation Clause — Forfeitures — Title—Interest—Possession—Interpretation of Statutes.**

A receiver of a corporation holds the title to the corporate property, under Revisal, sec. 1224, as the agent of the court for the beneficial owner, in no wise changing the interest of the owner in the property; and hence, when a policy of fire insurance has been taken out by a corporation and subsequent to the appointment of a receiver a loss occurs, the benefits under the policy are not forfeited under the nonalienation clause in the policy contract.

APPEAL from *Adams, J.,* at October Term, 1911, of MECKLENBURG.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Burwell & Cansler for plaintiff.*
*Maxwell & Keerans for defendant.*

CLARK, C. J.   This action is to recover against nine insurance companies for loss admitted by them to have been sustained in the destruction by fire of a stock of merchandise. The only controversy raised is as to the validity of said policies by reason of the fact that a receiver having been appointed of the Southern Pants Company, prior to the fire, the defendants contend that he was in actual possession of the property at the time of the fire, and thus they claim the insurance was forfeited under the clause in the policies against change in the "interest, title, or possession" of the property insured.

The mere appointment of a receiver does not have the effect to work such a change either in the interest or title of property as will forfeit insurance thereon under the nonalienation clause in the standard fire insurance policies.   This has often been decided.   In *Thompson v. Insurance Co.,* 136 U. S., 287, the Court held:   "The title to the property in the hands of a receiver is not in him, but in those for whose benefit he holds it."  Nor in a legal sense is the property in his possession.   It is in the possession of the court by him as its legal officer.   In *Insurance Co. v. Bartlett,* 91 Va., 305, the Court said:   "The utmost effect of the appointment of a receiver is to put the property from that time into his custody as an officer of the court, for the benefit of the party ultimately proved to be entitled, but not to change the title or even the possession in the property," citing *Bank v. Bank,* 136 U. S., 236.   In *Insurance Co. v. Baker,* 94 Md., 545, the Court held that the appointment of a receiver does not have the effect to invalidate a policy under the nonalienation clause.

In Vance on Insurance, sec. 161, it is said:   "The appointment of a receiver does not constitute such a change of interest as violates this condition (the alienation clause in the standard policy), nor does a change of receivers, when the policy was procured by a former receiver."

The defendants, however, strenuously contend that this was changed by Revisal, 1224, which vests the title of the property

in a receiver upon his appointment and divests it out of the corporation. That section by its terms applies only to *insolvent* corporations, which is not the case here. But even if it were insolvent, we do not think that the meaning of the section is to make the receiver the sole owner of the corporate property. He is vested, it is true, with the title, but that is for the purpose of executing the trust, and is in no way such an alienation as impairs the validity of an insurance policy. The receiver has the legal title, but he holds it for the benefit of the equitable owner, the corporation, whose property is to be administered by him under the orders of the court. In *Insurance Co. v. Bartlett, supra,* the Court says: "This condition in the policy against alienation refers only to such sale or disposition of the property as caused all interest of the assured in, or control over, the property to cease."

This Court has always looked upon the receiver of a corporation as simply an agent of the court to hold and manage the property under its direction. In *Farris v. Receivers,* 115 N. C., 600, and *Grady v. R. R.,* 116 N. C., 952, the Court held: "Service upon the receivers is service upon the corporation as fully as if made upon the president and superintendent, whose duties they are temporarily discharging." The receiver, therefore, is simply temporarily substituted for the president or other manager of the corporation.

As to the possession, it was said in *Gordon v. Insurance Co.,* 120 La., 442: "It is universally held that the mere taking possession of property by a receiver is not a change of possession to avoid the policy."

Numerous authorities can be cited to the above effect. We think it clear that while the appointment of a receiver vests the legal title in him (Revisal, 1224), he holds the same, and takes possession also, as the agent of the court for the beneficial owner, under the direction of the court. Such appointment in no wise invalidates the policy under the provision of the nonalienation clause in the standard policies. The interest of the owner is in no wise changed by the appointment of a receiver. The legal title and possession is held by him for the owner and the property is to be administered under the orders

of the court.    There is no alienation from the owner till the property is sold and sale is confirmed.    Till then the property still belongs to the insured.

No error.