W. C. CRITCHLOW, Appellant, v. RELIANCE MUTUAL INSURANCE ASSOCIATION, Appellee.

**PLEADING:** Amendments—Amplifying Amendment After Running of
1 **Statute of Limitation.** A defective and incomplete allegation relative to whether plaintiff in a timely action on a policy of insurance was suing as an "assignee" or as a "mortgagee" may be amplified by amendment *after* the contract period for action has fully run.

**INSURANCE:** Construction of Policy—Independent Contract With
2 **Mortgagee.** A provision of a fire insurance policy providing (1) that the loss is payable to a named mortgagee as his interest may appear, and (2) that the insurer will, before canceling or suspending the policy, give the mortgagee a specified notice of any delinquency on the part of the insured, constitutes an *independent* contract between the company and the mortgagee, and renders quite immaterial any delinquency on the part of the insured of which no notice is given.

**INSURANCE:** Interest of Insured—Loss Pending Bankruptcy Proceed-
3 ings. As to the effect of a proceeding in voluntary bankruptcy upon the right of an insured to recover for a loss occurring while the property is in the possession of the trustee in bankruptcy, *quaere.*

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

MARCH 4, 1924.

REHEARING DENIED DECEMBER 11, 1924.

PLAINTIFF brings this action as assignee and mortgagee, to recover the amount of a mortgage on account of the loss and destruction of the insured property while in the possession of a trustee in bankruptcy. A verdict was directed in favor of the defendant insurance company, and the plaintiff appeals.—*Reversed.*

*Irving C. Johnson* and *McCoy & McCoy,* for appellant.

*Devitt & Eichhorn,* for appellee.

STEVENS, J.—I. This is an action in the name of W. C. Critchlow, plaintiff, appellant herein, against the Reliance Mutual Insurance Association of Des Moines, Iowa, to recover, as assignee and mortgagee of the insured, the amount of a mortgage on a stock of hardware, on account of the destruction by fire of the property insured.

1. PLEADING: amendments: amplifying amendment after running of Statute of Limitation.

The insured went into voluntary bankruptcy shortly before the fire, and the loss occurred after a trustee had been appointed, and while the property was in his possession. Appellee is a mutual insurance association. On November 10, 1920, it executed its policy to Dick Van Rees on a stock of hardware which he had purchased of appellant, in the sum of $3,500, making the loss, if any, payable to appellant mortgagee as his interest should appear. On December 23, 1920, appellant secured possession of the stock of hardware by replevin. Four days later, Van Rees, the insured, filed a petition in voluntary bankruptcy, and on December 30th, a supplemental petition, setting up the replevin proceedings. On December 28th, the insured was adjudged a bankrupt. After the appointment of a trustee in bankruptcy had been made, and possession taken by him of the property, it was, on February 28, 1921, totally destroyed by fire. This action was commenced on or about September 17th following. The case was tried to a jury, resulting in a directed verdict for appellee.

Appellant alleged in his petition that, on January 3, 1921, the insured assigned the policy to him as mortgagee, and that said assignment was duly approved in writing by the company. Numerous defenses were pleaded: First, it is claimed by appellee that the title to the property insured passed, by operation of law, to the trustee in bankruptcy, and that, at the time of the alleged assignment of the policy by insured, he did not have an insurable interest therein; that the assignment was without the authority of the insured, and that his name was forged thereto by one W. C. Boatman, a soliciting agent of the company; and that the policy was, in fact, delivered by the insured to Boatman to be sent to the company for cancellation, and not for the assignment to appellant.

During the trial, appellant amended his petition, fully

setting up his interest as mortgagee, and demanding recovery as such. To this amendment, appellee set up a provision of the policy requiring action to be commenced thereon within twelve months after a right of action has accrued.

The original petition, to which a copy of the policy was attached, contained the allegations that the insured had assigned his interest in the policy to appellant as mortgagee, and that, "at the time of said loss, this plaintiff was the mortgagee of said property." The prayer of the petition was for judgment, and did not refer to appellant as assignee or mortgagee. The petition was not assailed by motion for more specific statements, nor was it otherwise challenged by appellee. That the petition is defective, and violates several well known rules of pleading, must be conceded, and, but for the extreme liberality in favor of amendments, we should be compelled to hold that it does not, although not assailed, state a cause of action in appellant's favor as mortgagee. Nonconformity to the well established rules of pleading is seldom excusable, and always results in confusion, and frequently in the loss of valuable rights of litigants. If the amendment setting up a cause of action in plaintiff's favor as mortgagee, which was filed during the trial, is to be construed as the statement of a new and independent cause of action, then, upon the theory of appellee, it was, when filed, barred by the statute of limitations. If, however, it is to be construed as a mere amendment to the original cause of action, and as intended simply to amplify and enlarge the allegations thereof, then it relates back to the filing of such original petition, and clearly the plea of the statute of limitations is not available to appellee. We are inclined to give liberal effect to the rule relating to amendments, and to hold that the original petition stated a cause of action in favor of appellant as mortgagee. It is true that the petition contains but one count, but this is not controlling. The allegations of the petition are that the assignment to appellant was as mortgagee. As we have so recently reviewed the authorities on the subject of amendments as affected by the statute of limitations, we shall not undertake to go over them again. The rule is familiar, and fully stated in the cases cited below. This action was brought to recover for the loss sustained,

and the interest of appellant is described in the original petition to be that of an assignee and mortgagee. The pleading is not to be commended as a model, but we think the amendment germane thereto, and that it should be treated as amplifying the allegations of the original petition, rather than as the statement of a new and independent cause of action. In saying this, we recognize the distinction, of. course, between the right of an assignee of the policy to recover for a loss thereunder and the right of a mortgagee ·to recover as his interest may appear. Our conclusion on this point is well sustained by our prior decisions: *Basham v. Chicago G. W. R. Co.*, 178 Iowa 998; *Lammars v.· Chicago G. W. R. Co.*, 187 Iowa 1277; *Hobbs v. Illinois Cent. R. Co.*, 182 Iowa 316; *Hueston v. Preferred Acc. Ins. Co.*, 184 Iowa 408.

What is here said disposes of appellee's plea of the statute of limitations. We need not, therefore, consider appellant's contention that the provision in the policy as to the time within which an action may be maintained thereon is not applicable to actions brought by a mortgagee to recover for the loss as his interest may appear.

II. We are not quite clear whether or not appellant intended to abandon his claim as assignee. We rather assume from some of the language of his reply argument that such was his intention. In any event, the assignment of this point is too general to permit the proposition to be reviewed on appeal. ·

2. INSURANCE: construction of policy: independent contract with mortgagee.

What we have said above disposes of all of the principal propositions necessary to be considered in this opinion, except the contention of appellee that the right of a mortgagee to recover is dependent upon the right of the insured to maintain an action on the policy for a loss suffered. It is not claimed by appellee that the policy was invalidated by any act of the insured which violated any of the express provisions of the policy. The claim urged on behalf of the company is that the title and all interest in the property insured passed, by operation of law, to the trustee in bankruptcy, and that, as a consequence, the insured not only had no interest which could be conveyed by an assignment, but, that, after the appointment of the trustee, he

ceased to have any interest in the property whatever. If these contentions are sound, then, manifestly, a verdict was properly directed in the court below for the defendant, unless the mortgage clause hereafter quoted constitutes an independent contract between the company and the mortgagee.

Section 72 (a) of the Bankruptcy Laws of the United States (30 Statutes at Large, Chapter 541, Section 70) provides that:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualifica-tion, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all (1) documents relating to his property; (2) interests in patents, patent rights, copyrights, and trademarks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

In view of our conclusion as to the legal effect of the mortgage clause which is made a part of the policy, we shall not undertake to determine the effect of a proceeding in voluntary bankruptcy upon the rights of the insured to recover for loss occurring while the property is in the possession of a trustee; but see the following cases: *Fuller v. New York Fire Ins. Co.*, 184 Mass. 12 (67 N. E. 879) ; *Southern Pants Co. v. Rochester German Ins. Co.*, 159 N. C. 78 (74 S. E. 812) ; *Gordon v. Mechanics' & Traders' Ins. Co.*, 120 La. 441 (14 Ann. Cas. 886, and note) ; *Foster v. Scottish Union & Nat. Ins. Co.*, 101 Ohio 180 (127 N. E. 865) ; *Marcello v. Concordia Fire Ins. Co.*, 234 Pa. 31 (82 Atl. 1090) ; *Roper v. National Fire Ins. Co.*, 161 N. C. 151 (76 S. E. 869).

3. INSURANCE: interest of insured: loss pending bankruptcy proceedings.

The mortgage clause of the policy in question is a part of the policy, and became effective on the date it was issued. It is not in terms identical with either the so-called "open" mort-

gage clause, in which the loss, if any, is merely made payable to the mortgagee, as his interest may appear, or with the so-called "union" mortgage clause, which expressly provides that the right of the mortgagee to recover shall not be invalidated by any act or neglect on the part of the owner. The clause under consideration is as follows:

"Loss, if any, payable to W. C. Critchlow, mortgagee, of. Barnes City, Iowa, as his interest may appear, fifteen days' notice of any delinquency on the part of the assured will be given to said mortgagee before suspension or cancellation is made, affecting the interests of the mortgagee."

This is identical with the clause before the court in *People's Sav. Bank v. Retail Merch. Mut. Fire Assn.*, 146 Iowa 536.

Counsel for appellee criticize our holding in the above case, and denominate the provision quoted a mere "open" mortgage clause, with a provision for notice. The agreement assumed by the company is that it will neither suspend nor cancel the policy because of any "delinquency" on the part of the insured, without first giving a fifteen days' notice of such delinquency to the mortgagee. This provision may not be as broad and comprehensive as so-called "union" mortgage clauses, but certainly, in so far as it provides for notice, it is no less binding upon the company.

Upon the theory of appellee, the attempted assignment of the policy to appellant as mortgagee violated no provision, express or implied, thereof. The only possible delinquency of the insured which could defeat the right of the mortgagee to recover, was the filing of a petition in voluntary bankruptcy and the resulting transfer of the title to the trustee by operation of law. It is, of course, conceded that the lien of appellant's mortgage was not affected by the bankruptcy proceedings. To the extent of such lien, the rights of the mortgagee were paramount to the rights of the general creditors of the bankrupt.

It is also, tacitly at least, conceded by counsel that, if the clause under which appellant seeks to recover was, in form or effect, a "union" mortgage clause, it would constitute an independent contract between the company and mortgagee, which was not necessarily invalidated by the appointment of a trustee

in the voluntary bankruptcy proceedings. The term "delinquency" was defined in the *Savings Bank* case as "the failure or omission of duty, a fault, a misdeed, an offense, a misdemeanor, a crime," and a delinquent as "one failing in duty, offending by neglect of duty." As stated, the policy does not, in terms, make any act of the insured which invalidates the policy as against him applicable to the mortgagee. On the contrary, the company, in express terms, agrees not to suspend or cancel the policy because of any delinquency on the part of the insured, without first giving fifteen days' notice to the mortgagee. This clause, as stated, was a part of the policy when issued. The consideration for the issuance of the policy is also a sufficient consideration for the promise made by the company to the mortgagee. In other words, the mortgage clause constitutes an independent contract between the company and the mortgagee, which was designed and intended for the latter's benefit. Under this provision, the mortgagee was entitled to fifteen days' notice of any delinquency on the part of the insured, before the company could suspend or cancel the policy and thereby terminate the rights of the mortgagee. No such notice was given, and the policy had not been suspended or canceled at the time of the fire.

It is also urged that the holding in *People's Sav. Bank v. Retail Merch. Mut. Fire Assn.*, supra, is contrary to authority and unsound. None of the cases cited, however, are in conflict therewith. Cases dealing with the so-called "open" mortgage clause are not in point. Such is *Davis v. Bremer County F. M. Ins. Assn.*, 154 Iowa 326, and also, *Bartling v. German Mut. L. & T. Ins. Co.*, 154 Iowa 335. Unless *People's Sav. Bank v. Retail Merch. Mut. Fire Assn.*, supra, is to be overruled, it is decisive of the point under discussion. The contract is one which the company has a right to make, and we perceive no good reason for receding from our former holding.

Other questions pressed upon us by appellant need not be given particular consideration. It follows that the judgment of the court below is—*Reversed.*

ARTHUR, C. J., DE GRAFF and VERMILION, JJ., concur.