WILLIAM SMITH (P. B. SHERRIFF, Substituted), Appellee, v.
FARM PROPERTY MUTUAL INSURANCE ASSOCIATION
OF IOWA, Appellant.

INSURANCE: Actions on Policies—Real Party in Interest. A claim
under a fire insurance policy is assignable after loss, and action
thereon is properly maintainable by the assignee.

INSURANCE: Proof of Loss—Jury Question in ·re Waiver. Evidence
conflicting in part held insufficient *per se* to establish a waiver of
proofs of loss, but, on the contrary, to present a jury question.

EVIDENCE: Competency—Telephone Conversations. Telephone con-
versations material to the issues and otherwise competent are ad-
missible when the party with whom the conversation is had is
properly identified.

INSURANCE: Incumbrance of Property—Waiver—Unallowable In-
struction. A peremptory instruction to the effect that the insured
may not recover if insured property has been transferred or incum-
bered without notice to the insurer, or without the knowledge of
the insurer, must not be sustained when waiver of such incumbering
is properly in issue.

INSURANCE: Forfeiture of Policy—Void Deeds. Principle stated
that void deeds and incumbrances do not forfeit a policy.

INSURANCE: Actions on Policies—Insufficient Identification of In-
sured Property. Evidence held to justify the refusal of the court
to submit to the jury the question of loss on a barn, the evidence
being insufficient to show that the barn in question was covered by
the policy.

Headnote 1: 26 C. J. p. 445. Headnote 2: 26 C. J. p. 560. Headnote
3: 22 C. J. p. 193. Headnote 4: 38 Cyc. p. 1633. Headnote 5: 26
C. J. pp. 231, 246. Headnote 6: 26 C. J. p. 558.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

·MARCH 10, 1925. ·

ACTION upon a policy of fire insurance. Verdict and judg-
ment for plaintiff. Defendant appeals.—*Reversed.*

*George Wambach,* for appellant.

*John L. Gillespie,* for appellee.

STEVENS, J.—1. This is an action upon a policy of fire insurance, to recover for the loss of a barn which was destroyed by fire April 22, 1919. The policy was issued August 13, 1914, to the appellee P. B. Sherriff, who was then the owner of the farm on which it was located. Since the policy was issued, the property has been conveyed to, and incumbered by, various persons. Prior to the trial, Sherriff again became the owner thereof, by purchase at sheriff's sale on foreclosure of a mortgage. The defenses set up by appellant are based upon alleged misrepresentations by appellee as to the value of the barn at the time the insurance was procured; the admitted failure of Sherriff, or William Smith, who held the legal title to the property at the time of the fire, to make proofs of loss; the several conveyances of the property, together with incumbrances thereon, without notice to appellant, and without its permission, as required by the by-laws of the association.

A further defense alleged is that the action is not prosecuted in the name of the real party in interest, and that Sherriff has no right to maintain it. The remaining propositions relied upon for reversal are errors alleged to have occurred on the trial, and relate to admissions of testimony over the objections of appellant, the refusal of the court to give certain requested instructions, and error in one paragraph of the instructions given. After Sherriff sold and conveyed the premises on which the barn was situated, his interest in the property became that of a mortgagee, and the policy was thereafter made payable to him as such mortgagee, as his interest appeared.

The action was originally commenced by William Smith. Later, appellee Sherriff intervened, claiming the benefit of the insurance, as mortgagee. On December 1, 1921, which was more than a year after the action was commenced, he obtained an assignment of the plaintiff's claim for the loss to himself. A few days later, he filed a motion asking for an order substituting himself as plaintiff. The record does not show whether the motion was passed upon by the court or not; but, on April 14, 1922, Sher-

1. INSURANCE: actions on policies: real party in interest.

riff filed a substituted petition, setting up the assignment from the plaintiff.  It is not quite clear from the record whether the loss was, by indorsement on the policy, made payable to appellee, mortgagee, as his interest might appear; but it does disclose that appellant knew of the second mortgage held by him, and that, after notice thereof, it demanded and received the payment of assessments from him.  The assignment was executed after the loss, and at a time when the relation between Smith and the company was that of creditor and debtor; and, under the statute, Sections 3044 and 3046, Code of 1897, the claim was assignable.  *Davis v. Bremer County Farmers Mut. Fire Assn.*, 154 Iowa 326.  It is true that the action might have been continued in the name of the original plaintiff, as held in *Kreuger v. Sylvester*, 100 Iowa 647; but this was not necessary. The assignment was valid, and all the interest of the assignor in the claim passed to Sherriff; and we perceive no reason why the action might not be prosecuted thereafter in his name.

II.  No notice or proofs of loss were ever given by Smith, or filed in the office of appellant, as required by the statute and by-laws of the company.  The loss occurred April 22, 1919; and four days later, Sherriff wrote the company as follows:

"Just received word from the man on the farm at Thayer, Iowa, that one of the barns, as insured under policy No. 14488, was burned down, the other night by lightning.  Please give this matter your attention and make check payable jointly to Security Loan & Investment Company, and myself."

The Security Loan & Investment Company had a prior mortgage on the property, and the loss, by proper indorsement on the policy, was made payable to it, as its interest might appear.  The president of appellant company replied to Sherriff's letter as follows:

"Your favor of the 26th inst. advising us of a lightning loss will receive the immediate attention of our adjuster, and you will be notified of his report."

A few days later, an adjuster visited the premises, and ascertained that the loss was total, which fact he reported to appellant.  Very shortly thereafter, he visited Sherriff, and told him he desired to adjust and pay the loss to someone.  It appears that there was some question as to who owned the prop-

erty. The adjuster testified that Sherriff then promised to call upon the proper officer of the company about the matter, at its office in Des Moines. It is conceded that he did not do so.

Sherriff further testified to a telephone conversation with the secretary of the company a few days later, in which he inquired if it was necessary for him to go with the adjuster to the place where the loss occurred, which was in Union County; and that the secretary informed him that it was not necessary for him to do so, and that he would send a man immediately, and would give it his attention, and report as soon as he got the necessary information; that later, the secretary and president of the company each denied liability, but did not base such denial upon the failure of the insured to give notice or to furnish proofs of loss. Sherriff also testified to a conversation with the secretary at the Y. M. C. A. in Des Moines, in which he again denied liability on the part of the company for the loss, saying nothing about the failure to furnish proofs. Appellee pleaded, in reply to appellant's answer setting up as a defense the failure of the insured to furnish proofs of loss, that same was waived by the correspondence above quoted, by repeated denial of liability, and by the conduct of the company. Both the president and the secretary of the company denied that they had telephone conversations with Sherriff in which they denied liability for the loss, or that the conversation testified to by him as having taken place at the Y. M. C. A. ever occurred.

It is further urged that appellant received, and still retains, all of the assessments or premiums paid for the insurance. Appellant requested the court to submit to the jury the issue of waiver. The instruction was refused; and the only issues submitted at all were of the allegation in appellant's answer that the insurance was obtained by false and fraudulent representations as to the value of the barn, and the amount of the loss sustained by appellee.

The law is well settled in this state that the company may, by its conduct, waive notice and proofs of loss. The question here, however, is not whether proofs of loss were waived, but

2. INSURANCE: proof of loss: jury question in re waiver.

whether this issue should have been submitted to the jury. Waiver, as that term is used in reference to insurance, is in the nature of an

estoppel. We have no doubt that the proof was sufficient upon which the jury may have based a verdict in favor of appellee. *Cottrell v. Munterville Mut. F. & L. Ins. Assn.*, 145 Iowa 651; *Griffith v. Anchor Fire Ins. Co.*, 143 Iowa 88; *Green v. Des Moines Fire Ins. Co.*, 84 Iowa 135; *Pringle v. Des Moines Ins. Co.*, 107 Iowa 742. But in each of the above cases, the issue of waiver was submitted to the jury, or a jury was waived and the cause tried to the court. We are of the opinion that the evidence relied upon to establish waiver of notice and proofs of loss is not so clear and indubitable as to justify the withdrawal of this issue from the jury. There was conflict in the evidence as to the alleged telephone conversation and the claimed denial of liability in the conversation at the Y. M. C. A.

III. Objection to the telephone conversation testified to by Sherriff was urged by appellant upon the ground that the secretary of the company was in no way identified by the witness. The objections were overruled. Any conversation between persons over the telephone that would otherwise be admissible may be received in evidence, provided that the identity of the person with whom the witness was talking is established. *Barber v. City Drug Store*, 173 Iowa 651; *Davis v. Walter & Son*, 70 Iowa 465; *Conkling v. Standard Oil Co.*, 138 Iowa 596. Nothing beyond the mere statement by the witness of the conclusion that he had a conversation with the secretary over the telephone was offered for the purpose of his identification. Identification in such cases is often established by the testimony of the witnesses as to the voice of the other party, or it may be otherwise established. As the question is not likely to arise upon a retrial, the subject need not have further consideration. The rule as to the admissibility of this character of testimony is well established.

*3. EVIDENCE: competency: telephone conversations.*

IV. As already indicated, one of the defenses relied upon by appellant was that the policy was forfeited by the execution of incumbrances and conveyances without notice to the company, and without its prior approval. This defense was answered by a plea of waiver, as well as a denial of the alleged facts. All but one of the conveyances and incumbrances of which ap-

*4. INSURANCE: incumbrance of property: waiver: unallowable instruction.*

pellant claims it had no notice, were declared void previous to the loss. The president of the company testified that he knew nothing about this conveyance. Issues joined on the subject of waiver should, ordinarily, be submitted to the jury. The only way the question was raised in the court below was by a request for a peremptory instruction to the effect that, if the property insured was transferred or incumbered without notice to appellant, or without its knowledge, plaintiff could not recover. This instruction ignored the plea of waiver, and it would have been error for the court to have given it in the form requested.

5. INSURANCE: forfeiture of policy: void deeds.

It is generally held that void deeds and incumbrances do not forfeit the policy. *Reed v. Stevens*, 93 Conn. 659 (5 A. L. R. 1081); 4 Joyce on The Law of Insurance (2d Ed.) 3860, Section 2249; *Fitchner & Co. v. Fidelity Mut. F. Assn.*, 103 Iowa 276.

V. Appellee was unable to produce the policy at the time of the trial, and made proof of its contents by secondary evidence furnished by appellant. The sufficiency of the showing by appellee of the loss of the policy is challenged by appellant; but we think the contention without merit, and that the showing made was sufficient to render secondary evidence admissible.

Other matters argued by appellant were either correctly ruled by the court below, present no ground for reversal, or are not likely to arise upon a retrial; and we deem it unnecessary to discuss them.

VI. Appellee demanded recovery in the sum of $1,000, the face of the original policy, and $400 additional insurance upon the barn. The date on which additional insurance was issued,

6. INSURANCE: actions on policies: insufficient identification of insured property.

appears only from an admission in appellant's answer, which was later withdrawn; but the date there given is March 22, 1919. Appellant, during the trial, with the court's permission, withdrew the admission contained in the original answer, and denied that the additional insurance covered the building destroyed by fire. The court refused to submit this item to the jury. The plaintiff appeals from this ruling, contending that the evidence was in dispute on this point. It is admitted by appellee that an additional barn was erected upon the premises in 1916, located about three quarters of a mile from the building originally

insured. It is further conceded that the latter barn was not injured by the fire. A memorandum of the company's of the additional insurance made at the time application was made therefor, states that the building was erected in 1916. The date is corroborated by appellee's testimony. The original policy was issued in 1914. Appellee was somewhat evasive in his answers, but declined to testify that the additional insurance was not taken out on the new building. On the contrary, he tacitly admits that it was intended to cover the later structure. The original answer of appellant, admitting that the additional insurance was placed upon the barn which was destroyed by fire, was offered in evidence; and it is argued by counsel that this created such conflict in the evidence as entitled appellee to have the issue submitted to the jury. Counsel for appellant stated in open court that the admission was inadvertent on his part, and was given permission by the court to withdraw it. In our opinion, the refusal of the court to submit this issue to the jury was proper. The court properly permitted appellant to withdraw the admission. The other facts tended strongly to negative appellee's contention.

For the reasons pointed out, the judgment of the court below must be and is—*Reversed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.