L. F. PARKER, Receiver, Appellant, v. IOWA MUTUAL TORNADO
INSURANCE ASSOCIATION, Appellee; MUTUAL BENEFIT
LIFE INSURANCE COMPANY and NORTHWESTERN
CLASSICAL ACADEMY, Interveners.

No. 42703.

MAY 14, 1935.

REHEARING DENIED SEPTEMBER 17, 1935.

Maher & Meloy and O. E. Johnson, for appellant.

H. H. Griffiths, and W. H. White, for appellee.

Lane & Waterman and H. H. Hindt, for intervener Mutual Benefit Life Ins. Co.

Klay & Klay, for intervener, Northwestern Classical Academy.

KINTZINGER, J.—On April 23, 1930, the defendant, a mutual tornado association organized under chapter 406 of the Code, issued a wind and tornado insurance policy to I. C. Edmonds and S. Londergan, a copartnership engaged in the banking business, on certain farm buildings in Allison township, Lyon county, Iowa, then owned by them. They acquired title to this property by conveyance from one Fikse, the former owner, who had insured the same buildings with the same company since 1925, through the same agent.

The buildings insured were located upon a farm consisting of 307 acres, which had been incumbered by two mortgages aggregating over $40,000, by the prior owner.

On December 11, 1930, the plaintiff herein was appointed receiver of the Edmonds-Londergan Company and their bank at Marcus, Iowa, by the district court of Cherokee county, Iowa. Among the assets coming into his possession as receiver was the property in question and the insurance policy thereon. The real estate and buildings thereon were managed by such receiver until October, 1932, at which time all assessments and premiums were fully paid. The buildings insured were damaged by a windstorm on July 9, 1932, to the extent of $2,500. A notice of loss was mailed to the defendant company by plaintiff on July 21, 1932.

After the loss occurred, Edmonds and Londergan, members of the copartnership, assigned all of their interest in the insurance policy and proceeds thereof to the receiver. At the time of the loss both mortgages had been foreclosed, the property had

been sold at sheriff's sale, but the period of redemption had not yet expired, and the sheriff's deed had not been issued. The interveners, Mutual Benefit Life Insurance Company and Northwestern Classical Academy, are respectively the holders of the first and second mortgages referred to, but no assignment of the insurance had been made to either of them. Both had secured a deficiency judgment and claimed an interest in the insurance thereunder. The court held against both, but, as no appeal was taken by them, no further consideration is given their claims.

■■■ In the consideration of this case, it must be remembered that the general rule of construction in relation to insurance contracts is that they are to be most strongly construed against the insurer and in favor of the insured, especially where forfeiture is involved, so that indemnity will be granted rather than denied. 14 R. C. L. 926, section 103; Meyer v. Fidelity Co., 96 Iowa 378, 65 N. W. 328, 59 Am. St. Rep. 374; Goodwin v. Provident Sav. Life Assur. Assn., 97 Iowa, 226, 66 N. W. 157, 32 L. R. A. 473, 59 Am. St. Rep. 411; Theunen v. Iowa Mut. Ben. Assn., 101 Iowa 558, 70 N. W. 712, 37 L. R. A. 587; Welch v. Union Cent. Life Ins. Co., 108 Iowa 224, 78 N. W. 853, 50 L. R. A. 774; Washburn-Halligan C. Co. v. Merchants Brick Mut. Fire Ins. Co., 110 Iowa 423, 81 N. W. 707, 80 Am. St. Rep. 311; Vorse v. New Jersey Plate Glass Ins. Co., 119 Iowa 555, 93 N. W. 569, 60 L. R. A. 838, 97 Am. St. Rep. 330, and a long list of cases cited under Section 103, supra. Berry v. United Commercial Travelers of America, 172 Iowa 429, 154 N. W. 598, L. R. A. 1916B, 617, Ann. Cas. 1918A, 706; Murphy v. National Travelers Ben. Assn., 179 Iowa 213, 161 N. W. 57, L. R. A. 1917C, 338; Kascoutas v. Federal Life Ins. Co., 193 Iowa 343, 185 N. W. 125, 22 A. L. R. 294; Hiatt v. Travelers Ins. Co., 197 Iowa 153, 197 N. W. 3, 33 A. L. R. 655; Githens v. Great American Ins. Co., 201 Iowa, 266, 207 N. W. 243, 44 A. L. R. 863.

I. Appellant contends that the court erred in holding that the appointment of a receiver for the copartnership operated as a sale of the property contrary to the provisions of the policy, because no notice of sale or assignment of the policy or a consent thereto was given by the insurance company as provided in the policy. Upon the appointment of the plaintiff as receiver, the real estate upon which the property was located came into his possession and control as an officer of the court. The property was, in fact, in custodia legis. When the assets of the copartner-

ship, including the insurance policy, came into his possession, there had been no assignment thereof to him. It was still the property of the copartnership and came into the possession and custody of the receiver for the benefit of the copartnership. The provision of the policy under which defendant claims it became invalid is: "D. Sale of buildings makes the insurance on them void unless and until properly assigned by the assured and approved by the Secretary, or the hazard is increased by any means within the knowledge of the insured, this insurance is void."

▮▮▮ It is the generally recognized rule adopted by practically all courts that the possession by a receiver appointed by the court is the possession of the court and that the taking over of the property by such receiver does not constitute a sale of the property within the contemplation of a provision like that hereinabove set out. The difficulty with appellee's contention is that it has been uniformly held, by practically all courts, that the possession by a receiver appointed by the court is the possession of the court; and that the appointment of a receiver and his possession of the property as such does not constitute a transfer or sale of the property. 47 C. J. 1224, section 935; 2 Cooley's Briefs on Insurance, 1733; Bowling v. Continental Ins. Co., 86 W. Va. 164, 103 S. E. 285, 17 A. L. R. 376; Cowan v. Iowa State Ins. Co., 40 Iowa 551, 20 Am. Rep. 583; Thompson v. Phenix Ins. Co., 136 U. S. 287, 10 S. Ct. 1019, 34 L. Ed. 408; Small v. Westchester Fire Ins. Co. (C. C.) 51 F. 789; Keeney v. Home Ins. Co., 71 N. Y. 396, 27 Am. Rep. 60; Farmers' Fire Ins. Co. v. Baker, 94 Md. 545, 51 A. 184; Marcello v. Concordia Fire Ins. Co., 234 Pa. 31, 82 A. 1090, 39 L. R. A. (N. S.) 366; Southern Pants Co. v. Rochester German Ins. Co., 159 N. C. 78, 74 S. E. 812; Herman Bros. v. Katz Bros., 101 Tenn. 118, 47 S. W. 86, 41 L. R. A. 700; Georgia Home Ins. Co. v. Bartlett, 91 Va. 305, 21 S. E. 476, 50 Am. St. Rep. 832; Lancashire Ins. Co. v. Boardman, 58 Kan. 339, 49 P. 92, 62 Am. St. Rep. 621.

In 2 Cooley's Briefs on the Law of Insurance, page 1733, it is said:

"But a condition like this, which merely prohibits a sale or transfer in general terms, is to be distinguished from a clause which provides that a policy shall be void on any sale, transfer, or change of title in the property insured. A condition which prohibits a sale and conveyance in general terms is construed to

require a transfer of the whole of insured's interest in order to vitiate the policy.''

In City Bank v. Bryan, 76 W. Va. 481, loc. cit. 483, 86 S. E. 8, 9, L. R. A. 1915F, 1219, the court said:

''A receiver is the officer of the court that appoints him, and derives all his authority from its decrees and orders, and is accountable to it alone for the faithful administration of his office. Immediately upon his appointment and qualification he is vested with the right to the possession and management of the assets to be administered. * * * The property of which a receiver has charge is in custodia legis. His appointment and qualification are a sequestration of the property by the court, for the purpose of administering it for the best interests and protection of the rights of all persons interested in the estate. His possession is the court's possession, and he is subject only to its orders.''

In Thompson v. Phenix Ins. Co., 136 U. S. 287, 10 S. Ct. 1019, 1023, 34 L. Ed. 408, the court said:

''The title to property in the hands of a receiver is not in him, but in those for whose benefit he holds it. Nor in a legal sense is the property in his possession. It is in the possession of the court, by him as its officer.''

''As soon as a receiver is appointed all the property of the firm passes into the custody of the court. While the receiver does not take title to the partnership property, he is entitled to possession of all the partnership property and the books of the partnership, and it is his duty to take immediate possession of such property. Partners who hold assets of the firm may be compelled by the court to turn them over to the receiver, and moneys belonging to the partnership are properly ordered to be paid over to the receiver. The receiver has authority to collect debts due to the firm.'' 47 C. J. 1224, section 935.

We are constrained to hold that the possession of the property in question by the receiver and the appointment of a receiver is not a change of title or sale within the contemplation of the provisions of paragraph ''D'' of the policy hereinabove referred to. There was no voluntary change of title or change of possession made by the insured when the property and policy came into his possession.

■■■ It is also claimed by appellee that the policy was invalidated by an assignment made to the receiver by Edmonds and Londergan after the loss occurred, because no notice thereof or consent thereto was given by the insurer. If such assignment had any effect it would not have invalidated the policy because it was made after the loss occurred, and such an assignment is valid. Sections 9451, 9452, Code 1931; 32 C. J. 1244, section 428; Walters v. Washington Ins. Co., 1 Iowa 404, 63 Am. Dec. 451; Mershon v. National Ins. Co., 34 Iowa 87; Davis v. Bremer Co. Farmers M. F. Ins. Assn., 154 Iowa 326, 134 N. W. 860; Smith v. Farm Prop. Mut. Ins. Assn., 199 Iowa 693, 202 N. W. 508.

In Davis v. Bremer Co. Farmers M. F. Ins. Assn., 154 Iowa 326, 134 N. W. 860, 862, the court said:

"Such a conclusion is in accordance with the reason and policy of the statute; for, after the loss has occurred, the obligation of the insurer under the policy is to pay a sum of money, the right to which may properly be transferred, although the amount may not yet be definitely ascertained. After the loss, no personal element remains in the contract, and the relations of the parties to it are simply those of debtor and creditor."

■■■ II. Appellant also contends that the lower court erred in holding that the existence of prior mortgages upon the property without disclosing them in the application voided the policy. These mortgages were on the property before it was acquired by Edmonds and Londergan, and also when the prior insurance was in existence. The application for this policy was, in fact, written out by the soliciting agent of the insurance company, who also wrote the former insurance. There is no provision in the policy or in the application requiring the insured to disclose the existence of any incumbrances or mortgages against the property; nor is there any provision in the policy making it invalid if there is any undisclosed incumbrances or mortgages thereon. One of the questions asked in the application is: "Is the title to the above property in your own name?" Answer: "Yes." Appellee contends that the title to the property was not in the name of the insured because of the existence of mortgage incumbrances thereon. It is the settled rule of law that a person insuring property is not bound to disclose an incumbrance on the property in the absence of an inquiry as to the existence of any. Hughes v. Millers Mutual Fire Ins. Co.,

147 Tenn. 164, 246 S. W. 23, 28 A. L. R. 797. This general rule is supported by a long list of authorities contained in 28 A. L. R. 801, with a note upon this subject.

At the time this policy was issued, the legal title to the property insured was in the name of the insured. Although a mortgage existed against the property at that time, the title thereto was in the mortgagor. White v. Rittenmyer, 30 Iowa 268; Iowa Power Co. v. Hoover, 166 Iowa 415, loc. cit. 451, 147 N. W. 858; Busch v. Hall, 119 Iowa 279, 93 N. W. 356.

The application did not require a statement as to the existence of incumbrances against the property. The only reference to any mortgage in the application is the following statement, appearing in small print on the application and policy of insurance: "Insurance on buildings payable to ———, Mortgagee, Post Office, ———; As ——— interest may appear." It is now claimed that because this blank space was not filled in, it should be construed as a statement that no mortgagee existed. A reading of the statement refutes the contention. It is not an inquiry as to the existence of any mortgage, but simply amounts to a request on the part of the applicant to have the benefits paid to a certain mortgagee, if desired. A failure to fill in this blank would not void the policy. Appellee's contention on this point is not well taken. Essex Sav. Bank v. Meriden Fire Ins. Co., 57 Conn. 335, 17 A. 930, 18 A. 324, 4 L. R. A. 759; Continental Ins. Co. v. Munns, 120 Ind. 30, 22 N. E. 78, 5 L. R. A. 430; Buck v. Phoenix Ins. Co., 76 Me. 586; O'Brien v. Ohio Ins. Co., 52 Mich. 131, 17 N. W. 726, and other cases cited in 28 A. L. R. 801.

▮▮▮ III. Appellant also contends that the lower court erred in holding that plaintiff had no insurable interest in the property. The reason urged against this contention is that the plaintiff's right of redemption from foreclosures had almost expired; and that because the amount of the mortgages existing against the property equaled or exceeded the value thereof, they had no right of redemption. Such a situation would not prevent the mortgagor of property from obtaining insurance thereon, although the property was insured to its full value. 26 C. J. 29, section 9; Royal Ins. Co. v. Stinson, 103 U. S. 25, 26 L. Ed. 473; Twin City Fire Ins. Co. v. Stockmen's Nat. Bank (C. C. A.) 261 F. 470; Strong v. Manufacturers Ins. Co., 10 Pick. (27 Mass.) 40, 20 Am. Dec. 507; Mechler v. Phoenix Ins. Co., 38 Wis. 665.

"The mortgagor's insurable interest is not divested by the rendition of a decree of foreclosure, for he retains an equity of redemption, and, by virtue thereof, and until it expires, an insurable interest, and this interest is terminated only by a failure to redeem within the specified time. The mortgagor's insurable interest does not end even with the foreclosure and sale of the mortgaged premises; he has such an interest until the sale is confirmed and the deed made, for until then the proceedings may be vacated." 26 C. J. 29, section 10.

The practically unanimous weight of authority is that any equitable interest in property is sufficient to give an insurable interest therein. The plaintiff's right of redemption is an equitable interest in the property, and therefore constitutes an insurable interest therein. Any equitable interest in property is sufficient to sustain an insurable interest therein. Warren v. Davenport Fire Ins. Co., 31 Iowa 464, 7 Am. Rep. 160; Carter v. Humboldt Fire Ins. Co., 12 Iowa 287; Stout v. City Fire Ins. Co. of New Haven, 12 Iowa 371, 79 Am. Dec. 539; Merrett v. Farmers Ins. Co., 42 Iowa 11; Reynolds v. Iowa & Nebraska Ins. Co., 80 Iowa 563, 46 N. W. 659; Strong v. Manufacturers Ins. Co., 10 Pick. (27 Mass.) 40, 20 Am. Dec. 507; Farmers Union Mutual Protective Assn. v. San Luis State Bank, 86 Colo. 293, 281 P. 366, 66 A. L. R. 1166.

In Warren v. Davenport Fire Ins. Co., 31 Iowa 464, 7 Am. Rep. 160, we said:

"And the general doctrine that any interest in the subject-matter insured is sufficient to sustain an insurance upon real property is one which has been fully sustained. * * * Several persons owning different interests in the same property may insure their several interests. And it is not material whether the interest assured be legal or equitable. Any interest which would be recognized by a court of law or equity is an insurable interest."

It is our conclusion that the mortgagor's insurable interest does not end until the period of redemption has expired. The evidence in this case shows without dispute that the damage and loss occurred prior to the termination of the period of redemption.

■■■ IV. It is claimed by appellee that it received no proof

of loss as required by the policy. The evidence, however, shows without conflict that the required report and proof of loss was sent to the company on the company's form on or about July 21, 1932, by L. F. Parker as receiver for the Edmonds-Londergan Company. This was within the time required by the policy. The receipt of this report was acknowledged by the secretary of the company in a letter dated July 23, 1932. We think such a report of loss was a sufficient compliance with the policy.

█■█ But if it should not be considered a compliance with the terms of the policy, which is not conceded, the proof of loss was waived by the company's letter dated July 29, 1932, in which they notified the receiver that the policy had been canceled and liability thereon denied. As all premiums and assessments due against the policy had been fully paid, this denial of liability operated as a waiver of any further proof of loss. An insurer, who upon the happening of a loss, and before the expiration of the time for proving it, cancels the policy and denies all liability thereon, waives proof of loss. Travelers Ins. Co. of Hartford v. Farmers' Mut. Ins. Assn., 211 Iowa 1051, 233 N. W. 153, 158. In that case this court, speaking through Justice Evans, said:

"It is urged by the defendant that no proof of loss was ever furnished to the defendant. In view of defendant's prompt denial of liability on the policy, proof of loss, if otherwise due, was effectually waived. It is argued by the defendant that it did not in terms deny liability, that it stated only the facts to the effect that the policy had been canceled, and that it was for the plaintiff to show that it was entitled to recovery. The argument is too specious. To assert that the policy was canceled on a stated date was to deny liability."

There was no evidence of fraud or estoppel shown by the evidence.

Other questions are raised by appellee as a reason for sustaining the judgment of the lower court. We have given them all careful consideration, and find no merit therein. It is our conclusion that the policy sued on was a valid existing policy against the defendant insurance company, and plaintiff, as receiver of the Edmonds-Londergan copartnership, is entitled to a judgment thereon in the sum of $2,500.

For the reasons hereinabove set out, we are constrained to hold that the lower court erred in entering judgment in favor of

appellee. The judgment in lower court is, therefore, hereby reversed and remanded, with instructions to enter judgment in favor of appellant.

Reversed and remanded with instructions.

ANDERSON, C. J., and all Justices concur.