No. 11,160.

W. H. MOISE, TUTOR, VS. MUTUAL RESERVE FUND LIFE ASSOCIATION.

1. A tutor of minor heirs appointed in Louisiana, whose father was domiciled and died in Kentucky, has no powers of administration over property not located in this State.

2. A debt due by a New York debtor to a Kentucky creditor does not acquire a *situs* in this State because the non-negotiable evidence of the debt is found here.

3. A Louisiana court has no valid authority to appoint an administrator to a per-
son who was domiciled and died in Kentucky, and who left no property in
this State.

4. When a policy of insurance expressly stipulates that no assignment shall be
valid without the consent of the company, an assignment without such con-
sent is without effect.

APPEAL from the Civil District Court for the Parish of Orleans.
*Monroe, J.*

---

D. B. H. *Chaffe* and *Moise & Cahn* for Plaintiff and Appellant.

---

*Bayne, Denègre & Denègre* for Defendant and Appellee.

---

The opinion of the court was delivered by

FENNER, J.    Sydney L. Guyol, a resident and citizen of Louisville,
Ky., took out a policy of life insurance for $5000 with the defendant
company, a corporation domiciled in New York.

By the terms of the policy the loss was " payable to the executors
or administrators of; said member."

Guyol died at his home in Kentucky.    He left a surviving widow
and certain minor children by a first marriage.    After the death of
his first wife, these children had been sent by Guyol to their mater-
nal relatives in New Orleans, and were here at the date of his death.

The present plaintiff, their maternal uncle, applied to the Civil Dis-
trict Court of this parish and was appointed and confirmed as tutor of
said minors.

An inventory was taken which showed no other property except
the policy of insurance above referred to and another policy in a
different New York company.

The defendant company does business in this State through an
agent, who, as required by the law of the State, represents it for
purposes of suit in this State.

The tutor, being in possession of the policy of insurance, brings
this suit thereon against the defendant company through its afore-
said agent.

The defendant filed exceptions of no cause of action, and lack of
capacity in plaintiff to stand in judgment, because the policy was
payable to the executors or administrators of Guyol, who was domi-
ciled and died in Kentucky, where alone his succession could be

47

opened, and a judgment in favor of plaintiff would not be *res adjudi-cata* against an administrator of Guyol appointed in Kentucky.

These exceptions were properly maintained and plaintiff's suit dismissed.

We have no concern with the propriety or validity of plaintiff's appointment as tutor of the minors, nor with his right and power in that capacity to take possession of and administer the estate of their deceased parent, whose heirs they are, in this State.

Guyol was domiciled and died in Kentucky, and, so far as appears, he left no property real or personal in this State. This policy of insurance is a mere non-negotiable evidence of a debt due by a New York debtor to a Kentucky creditor. The appointment by the insurance company of an agent in this State, through whom it may be sued, does not change the domicil of the company. Under no possible view can such a debt be said to have a *situs*, real or fictitious, in this State.

There is no possible ground for an administration of Guyol's succession in this State.

The policy, by its terms, is payable only to Guyol's " executors or administrators," to whom alone is the company bound to pay. Under the facts of this case the courts of Louisiana have no valid authority to appoint such an administrator, and if they had, by reason of presence of other property in this State, his authority would not embrace the administration of this foreign asset, which belongs to the domicil of the decedent.

The alleged assignment of the policy by Guyol need not be considered, because the policy contains an express clause that no assignment " shall be valid without the consent of the association, and upon such terms as shall be approved by its secretary or assistant secretary," and no such consent is alleged or proved.

Other matters alleged are impertinent to the issue and need not be discussed.

The company was not required to prove that Guyol had creditors. It is entitled and bound to stand on its contract, which obliges it to pay only to Guyol's " executors or administrators," and whatever powers plaintiff's commission as tutor might confer on him over property situated in this State, they can not embrace any power to administer or collect this debt, due by a New York corporation to a decedent who was domiciled and died in Kentucky.

Judgment affirmed.