CHARLES BENESH, *et al.,* v. THE MILL OWNERS MUTUAL FIRE INSURANCE COMPANY OF IOWA, Appellant.

**Insurance Company:** VENUE OF SUIT AGAINST. An incidental prayer for reformation of an insurance policy in a petition to recover the indemnity therein provided, does not take the case out of McClain's Code, section 3789, providing that an insurance company may be sued in the county in which it keeps its principal place of business, or in the county where the contract of insurance was made, or in which the loss occurred, even if the section is limited to actions which are primarily upon the contract of

insurance and would not apply to an action brought solely to reform the policy.

**Assignment of Policy:** NECESSARY PARTIES TO SUIT UPON. After the loss of certain partnership property by fire one of the partners died, and the other assigned his interest in the insurance policy to one of the plaintiffs. A third party, to whom any loss was payable, under the policy, as security on obligations of the owners of the insured property, released his claims on satisfaction of such obligations. The administrator of the deceased partner and the assignee of the other thereupon sued to recover for such loss, and to reform the policy as to the description of the property insured. *Held,* that plaintiffs were the real parties in interest, and had the right to sue on such policy, without joining such assignors.

REORGANIZATION: *Liability.* In a suit upon an insurance policy it appeared that it was issued by a company bearing the same name as defendant, which subsequently re-incorporated in order to remedy certain defects in its original articles, retaining the same officers and the assets of the original company; that the holders of· such policy were treated as members, and paid dues and assessments to such reorganized company as to its predecessor; and that it was determined by resolution that the old policies should be continued in force until new ones were issued at the election of the policy holders. *Held,* that defendant was responsible to the same extent as if it had issued such policy.

*Appeal from Tama District Court.*—HON. G. W. BURN HAM, Judge.

SATURDAY, OCTOBER 23, 1897.

SUIT in equity to reform a policy of insurance, and to recover the indemnity therein provided. The defendant moved to transfer the cause to Polk county, which motion was denied. It demurred to the petition because of a defect of parties, and its demurrer was overruled. It then aswered, denying the execution of the policy and its corporate existence at the time the policy was issued. The court entered a decree reforming the policy, and gave plaintiffs judgment for the amount claimed. Defendant appeals.—*Affirmed.*

*Berryhill & Henry* for appellant.

*Struble & Stiger* for appellees.

DEEMER, J.—McClain's Code, section 3789, is as follows: "Insurance companies may be sued in any county in which is kept their principal place of business, in which was made the contract of insurance, or in which the loss insured against occurred." Appellant argues that this section does not apply to suits to reform policies of insurance; that it has reference to actions which are primarily upon the contract of insurance. If it be conceded that this be a proper construction, yet it does not follow that plaintiff's motion to transfer should have been sustained. The suit was upon a policy of insurance, and as an incident to this relief the court was asked to declare the terms of the contract. The ultimate relief sought was recovery for the loss insured against, and the suit was properly brought in the county where the loss occurred.

II.  The policy was issued to Adam Bruner and John Stransky. Bruner died after the fire occurred, and plaintiff Beckley is the administrator of his estate. After the loss, Stransky assigned to plaintiff Benesh all his interest in the policy. By the terms of the policy, loss, if any, was made payable to John Beal and A. Bruner, as their interest might appear. These parties assigned their interests in the policy to the plaintiffs. None of these assignors were made parties to the suit. Appellant contends that these persons should have been made parties, for that reformation cannot be had in a suit by an assignee of a written contract unless the assignors are made parties. The policy was made payable to Beal to secure the payment of certain obligations he had indorsed for Bruner and Stransky. When he made the assignment, he

acknowledged complete satisfaction of his liability on these obligations, and released the insured of all his claims to any part of the money due on the policy. Surely, he was not a necessary party to the suit. Stransky, who was one of the insured, assigned all his right, title, and interest in the policy to Benesh, and transferred to him all claims and demands of every kind and nature existing in his favor by reason of the policy of insurance, and authorized Benesh to demand, and in his own name sue for, the amount due. The reformation asked for was in the description of the property. The policy located the building upon the west half of the northwest quarter of section 14, whereas, in truth and in fact, it was situate upon the west half of the northwest quarter of section 23. These plaintiffs were the real parties in interest, and had the right to sue upon the policy. We can see no reason for making Stransky a party, as he had sold all his claim and demand of every kind or nature existing in his favor under the policy of insurance. It is a general rule that the assignment of a debt carries with it every remedy and security for such debt available by the assignor as an incident thereto. See cases cited in 2 Am. & Eng. Enc. Law (2d ed.) p. 1084. The case of *Durham v. Bischof,* 47 Ind. 211, relied upon by appellant, is not in point. There an attempt was made to defeat liability on a contract in an action brought by the beneficiaries thereof, without making the real persons in interest parties to the litigation. It is not a case relating to rights of assignors, as the one at bar.

III.   The evidence clearly shows a mistake in the description of the premises, which mistake was mutual, and should be corrected, unless it appears, as contended by appellant, that it did not issue the policy, and is not bound by it. The defendant is now doing business under and pursuant to articles of incorporation adopted

and recorded in January, 1889, after the policy in suit was issued. It appears, however, that at the time the policy was issued a corporation bearing the same name as the defendant was doing business in this state, having its principal place of business at Des Moines. On account of an adverse decision, see *Day v. Insurance Co.*, 75 Iowa, 694, it concluded to re-incorporate. The records show that at the January, 1889, meeting of the policy holders, a resolution to re-incorporate was unanimously carried, and the articles under which the corporation is now acting were adopted. The officers remained the same, at least until the following March; the membership remained practically the same, and no one was dropped except at his request. The insured, under the policy in suit, were treated as members, and paid dues and assessments to the re-organized company as to the old. The premium notes and assets of the old company were transferred to the new, and by resolution it was determined that the old policies should be continued in force until new ones were issued, and that, if the policy holders, after notice of the change, did not elect to take new policies, the old should continue. We have no doubt that the companies remained substantially the same, and that what was done was simply a re-incorporation to meet some of the defects in the original articles and amendments thereto. In any event, the defendant, under its own showing, is responsible to the same extent as if it had issued the policy in suit.

Other questions, with reference to the condition of the record, need not be considered. The trial court was right in reforming the policy and giving plaintiffs judgment.—AFFIRMED.