72  455
101  ³438

HUSTON AND ALICE FLOYD, Respondents, v. PRUDEN-
TIAL INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, December 7, 1897.

1. **Insurance, Industrial**: ASSIGNMENT OF POLICY: RIGHT OF ASSIGNEE TO RECOVER: CONSTRUCTION. A policy of industrial insurance, payable, on the death of the assured, to his or her executors or administrators, carries with it the obligation to pay to the lawful assignee of the holder; and in an action on such assignment, an article in the policy providing that the company might pay the sum insured to any other person appearing to it to be equitably entitled thereto, was no defense to the action, where it had not exercised such option by paying the amount of the insurance to some other person.

2. ———: ———: EVIDENCE. The admission of the testimony of plaintiff and her husband as to the alleged indebtedness of the assured to the assignee of the policy, even though it was error, was no ground for reversal, where there was other satisfactory proof of the indebtedness.

3. ———: APPLICATION: MISSTATEMENT AS TO AGE. Where by the terms of a policy the amount of the insurance was subject to correction for a misstatement as to the age of the assured, a misrepresentation by the assured as to her age was no defense in an action on the policy, where the defendant failed, at or before the trial, to deposit in court for the benefit of plaintiff the premiums received on the policy. R. S. 1889, sec. 5850.

*Appeal from the St. Louis City Circuit Court.*—HON.
JOHN. A. TALTY, Judge.

AFFIRMED.

*Lee W. Grant* for appellant.

When the wife is the real party in interest and the husband is only a nominal party, he is not a competent

witness, except when he acts as her agent. *Paul v. Leavitt*, 53 Mo. 595; *Joice v. Branson*, 73 *Id*. 28; *Reno v. Kingsbury*, 39 Mo. App. 240; *Hearle v. Kreihn*, 65 Mo. 202. .

If Alice Floyd had no insurable interest in the life of Charity Preston, then the policy was a wagering one, and as such void, it being undisputed that plaintiff paid all the premiums from the beginning. *Gambo v. Ins. Co.*, 50 Mo. 44; *Singleton v. Ins. Co.*, 66 *Id*. 63; *Masonic Ben. Ass'n v. Bunch*, 109 *Id*. 560.

As to disability, as a witness, of one of the original parties to a contract when the other party is dead, see *Chapman v. Dougherty*, 87 Mo. 617; also, *Jones v. Burden*, 56 Mo. App. 205.

The contract of insurance is to pay, not to the insured or her assigns, but to her executor or administrator, although with the discretion, not obligation, under certain circumstances to pay certain other classes. *Thomas v. Ins. Co.*, 148 Pa. St. 594.

*Walter M. Farmer* for respondent.

A creditor has an insurable interest in the life of his debtor, or any reasonable expectation of pecuniary benefit or advantage from the continuance of the life of another creates an insurable interest. *Hensler v. Ins. Co.*, 47 Mo. App. 336; *Ins. Co. v. Rosenheim*, 56 *Id*. 27; *Ins. Co. v. Schaefer*, 94 U. S. 361; *Loomis v. Ins. Co.*, 6 Gray, 399; *Rawls v. Ins. Co.*, 27 N. Y. 282; *Cunningham v. Smith's Ex'rs*, 70 Pa. St. 450.

Alice Floyd was a competent witness to testify to Charity Preston's having staid at her house, to her not having paid any board, and as to what it was reasonably worth to have kept her. The only inhibition is where one of the original parties to the contract in issue is dead. R. S. 1889, sec. 8918; *Looker v. Davis*, 47 Mo. 140.

It is incontestable that unless the matter represented shall have actually contributed to the contingency on which the policy is to become due, it is not deemed material, nor renders the policy void. R. S. 1889, sec. 5849. Nor can the company defend on that ground, unless it deposits in court for the benefit of the plaintiff the premiums received on such policy. R. S. 1889, sec. 5850.

There was sufficient evidence, excluding the testimony of the Floyds, for the court to base its finding of facts on. *Reno v. Kingsbury*, 39 Mo. App. 240.

The consent of the company is not necessary to an assignment of the benefits under the policy of insurance, unless by the terms of the policy the assignment is expressly forbidden. *Ins. Co. v. Flack*, 3 Md. 341; *Mancus v. Ins. Co.*, 68 N. Y. 625.

BIGGS, J.—This is an action on a policy of insurance which was issued upon the life of Charity Preston, deceased, and in which the defendant agreed to pay to her executor or administrator $105, in consideration of the payment of a weekly assessment of thirty-five cents. The policy was issued on the second day of September, 1889, and Charity Preston died on the eleventh day of June, 1895. It was conceded that all assessments had been promptly paid and that proofs of death had been furnished. The averment in the complaint was that the plaintiffs, who are husband and wife, were the joint owners and holders of the policy and entitled to receive its benefits. On the trial the wife claimed to be the sole beneficiary. The defenses were:

*First.* That Alice Floyd had no insurable interest in the life of the deceased; *second*, that even though she had, the defendant was not bound to pay her the money; and *third*, that by reason of false representations by the assured as to her age the defendant in no

event was liable for more than $42. The cause was submitted to the court sitting as a jury. There was a judgment for the full amount. The defendant has appealed. The portions of the policy which are pertinent to the question under discussion are as follows:

<span style="float:left">ASSIGNMENT of policy: right of assignee to recover: construction.</span>

"In consideration of the application for this policy, which is hereby made a part of this contract, and of the several statements made therein, and of the premiums hereinafter referred to, hereby promise to pay, at its home office in Newark, New Jersey, within twenty-four hours after satisfactory proof at its said office of the death of the person named in the first column of the schedule herein contained, unto his or her *executors or administrators*, unless settlement shall be made under the provisions of article second, hereinafter contained, the sum of money as provided in the third column of said schedule, subject to the following restrictions, conditions, and agreements:"

Article second, above referred to, is as follows:

"SECOND. The company *may* pay the sum of money insured hereby, to any relative of blood, or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose, and the production by this company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them, shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

In her application Charity Preston represented that she was sixty years old. The policy recites that in consideration of a weekly premium of thirty-five cents the

defendant agrees to pay to the administrator or executor of Charity Preston $105, *"subject to corrections for misstatement of age."*

The plaintiffs introduced evidence tending to prove that in March, 1890, Charity Preston assigned the policy to Alice Floyd; that at the date of the assignment the assured was indebted to Alice Floyd for board in the sum of $140; that the policy was assigned as security for the debt, and that the debt remained unpaid at the death of the assured. At the close of the evidence the defendant asked the court to declare that under the law and evidence the judgment should be for the defendant. The instruction was refused and the defendant excepted. The theory advanced in support of the instruction for judgment is that, as the plaintiffs were neither the executors nor administrators of the deceased, and as the contract of insurance left it optional with defendant to pay the insurance to persons falling within the classes named in article 2, there could be no recovery.

The kind of business done by the defendant is known as "industrial insurance." The poorer classes are its patrons. The primary purpose is to furnish, on weekly payments, a small amount of insurance on the lives of persons who depend on their daily labor for subsistence, and in that way provide means for defraying the expenses of their last sickness and of their burial. The undertaking of the defendant is to pay the amount to the executor or administrator of each policy holder, which carries with it the obligation to pay to the lawful assignee of such holder. This must follow, as the interest of the policy holder is a vested one and consequently is assignable. The policy itself recognizes the right of assignment, subject, however, to the rights of the company under article 2, in which it reserves the right to pay the other persons coming

within certain classes. Now, if the defendant had lawfully exercised the option under article 2 by paying the amount of the insurance to someone else, such payment would have been a complete defense to the present action. But it did not do this. It failed to pay anyone. Thus in the case of Thomas, Adm'r, against this defendant (148 Pa. St. 594), the company had rightfully exercised its option under article 2 by paying the money to another party. The supreme court of Pennsylvania held that such payment was a complete defense to the action of the administrator of the deceased policy holder. Hence, as there was substantial evidence in the case at bar of the assignment of the policy, and that at the date of the assignment and at the date of her death Charity Preston was indebted to Alice Floyd in an amount greater than the insurance, it is obvious that the instruction of nonsuit was properly refused.

The plaintiff and her husband were allowed to testify concerning the alleged indebtedness of Charity Preston. Granting for the argument that this was error, the judgment ought not to be reversed on account of it, as there was other satisfactory proof of the debt. There was but little opposing testimony. There was substantial evidence that Charity Preston was seventy-seven years old at the date of the policy. In her application she represented that she was sixty years old at that time. By the terms of the policy the amount of insurance was subject to correction for a misstatement as to the age of the insured. The superintendent of the defendant testified that if Charity Preston was seventy-seven years old at the time she took out the policy, that the premium which she paid would have entitled her to a policy of $42. The witness stated further that this calculation was based

*ASSIGNMENT of policy: admission of evidence of husband and wife.*

on her life expectancy according to the American mortality tables, and that the defendant in determining its premiums was governed by those tables. Upon this testimony the defendant asked the following instruction: "The court declares the law to be that if the deceased misrepresented her age to the defendant, then the amount for which the defendant would be liable under the policy could not exceed the amount which the premium paid would command according to the American mortality tables." The instruction was properly refused for the reason that matters stated therein were not open to the defendant as a defense or partial defense to the action. The statute governing insurance companies (R. S. 1889, sec. 5850) provides that "in suits brought upon life policies heretofore or hereafter issued, no defense based upon misrepresentation in obtaining or securing the same shall be valid, unless the defendant shall, at or before the trial, deposit in court for the benefit of the plaintiffs the premiums received on such policies." It is not claimed that the defendant complied with the statutory requirement.

APPLICATION: misstatement of assured as to age.

There being no reversible error, the judgment of the circuit court will be affirmed. All the judges concur.