GEORGE LOCKRIDGE, etc., v. METROPOLITAN LIFE INS. CO.

Western Section.   June 30, 1931.

Petition for Certiorari denied by Supreme Court, December 19, 1931.

Lake Hays, of Memphis, for appellant.

Sivley, Evans & McCadden and J. P. M. Hamner, all of Memphis, for appellee.

OWEN, J.   Complainant's bill was dismissed and he has appealed. A statement of the case and brief has been filed by the appellant but no assignment of error.   The brief in conclusion insists that appellant had a right to maintain this suit and to collect from appellee the amount of appellant's bill, $518.25.   We will not enforce the rule as to assignments of error, no question having been made by the attorney for the defendant, and treat the brief as supporting an assignment of error: that the Chancellor erred in dismissing complainant's bill.

Chancellor Ketchum filed an opinion in this cause in dismissing complainant's bill, which opinion states the facts fully.   Said opinion is as follows:

"Lockridge brings this suit for the use and benefit of Thompson Bros., to recover the amount of the funeral expense of Mrs. Mar-

garet O'Brien. The suit is based on an insurance policy on the life of the said Margaret O'Brien, assigned to Thompson Bros. as securty for the payment of her funeral expenses. This assignment was by means of a general power of attorney executed by William O'Brien the surviving husband of the insured, to Lockridge, authorizing him to collect the insurance, pay the funeral expenses, and remit the balance to the said William O'Brien. The policy was payable to the Executor or Administrator of the insured, and also had what is known as the "facility of payment clause," which authorized the company, at its option, to pay the proceeds of the policy to the surviving husband, or other person equitably entitled thereto by reason of having incurred expense on behalf of the insured; the policy also provided that any assignment or pledge thereof would be void and of no effect.

"The defenses were that the complainant could not maintain the suit (1) because he was not the Executer or Administrator of the insured; (2) because the assignment was void; and (3) because the company had paid the full amount of the insurance to the surviving husband, William O'Brien, as it has a right to do under the terms of the policy.

"The facts are that the policy was payable to the Executor or Administrator of the insured; and that after the death of the insured, her husband, Wm. O'Brien, executed the general power of attorney to Lockridge authorizing him to collect the insurance, pay to Thompson Bros., the amount of the funeral expenses, and pay the balance to William O'Brien, the surviving husband. Lockridge prepared the proper proof of death and delivered the same, along with the insurance policy and the original power of attorney, to Mr. Baker, the local agent of the defendant Company; and the latter promised to forward same to New York for payment. In due course the papers were forwarded to New York, and the check for the amount of the policy, payable to the order of William O'Brien the surviving husband, was returned to Mr. Baker; and the check was delivered to O'Brien by a clerk in Baker's office. It so happened that this clerk did not know of the power of attorney and assignment to Thompson Bros. O'Brien collected the check but did not pay the funeral expenses, and Thompson Bros. have been unable to collect same from O'Brien, and the Company declining to recognize the validity of the assignment and pay the funeral expenses, the complainant filed the present bill.

"The case seems to me to be controlled by the case of Metropolitan Life Ins. Co. v. Chappell, 151 Tenn., 200, 269 S. W., 21, in which it was held that a suit on a policy identical with this could be maintained only by the Executor or Administrator of the insured—many

cases are there cited in which it was held that payment under the facility of payment clause was a full release of the Company.

"The provision against any assignment of the policy would also bar any recovery by the complainant."

It will be noticed that the contract of insurance issued by the defendant Company, provided that any assignment or pledge of this policy, or of any benefits hereunder, would be void and of no effect, that would prevent the complainant from recovering on an assignment if the paper that William O'Brien assigned shall be construed to be an assignment. The policy was payable to the executor or administrator of the insured, unless payment be made under another provision found in said policy which is in the succeeding paragraph relative to paying, upon the death of the insured, the amount to the executor or administrator. Said second paragraph is as follows:

"The company may make any payment . . . to the insured, husband . . . and the provision of a receipt signed by either of said persons, . . . shall be conclusive evidence that all claims under this policy have been satisfied."

This Court, in the case of Palmer v. Insurance Company, 11 Tenn. App., 584, held that where an Insurance Company elected to pay the mother of deceased under the "facility of payment clause" and the wife brought an injunction suit to restrain the payment to the mother and recover the money herself and the evidence showed that the mother had payed all the funeral expenses, it was held that a Court of Equity would not interfere with the election of the Company.

In Metropolitan Life Insurance v. Chappell, supra, the plaintiff instituted suit against the Company, upon a policy issued upon the life of Birdie L. Chappell. The plaintiffs were the father and mother of the insured, the insured was twenty-three years of age and unmarried. The policy in the Chappell case was very similar to the one in the instant case and it was held that the parents of the insured not being her personal representatives could not maintain after their payment, neither could they recover under the "facility of payment clause" because such clause is objective with the insured.

Numerous authorities are cited in the case of Metropolitan Life Insurance Company v. Chappell, supra, wherein the facility of payment clauses in industrial life insurance policies had been upheld and that the insurer may pay the benefit to the beneficiary named or to any other person appearing to it equitably entitled thereto; that such a clause is for the benefit of the insurer, to be exercised or not at its option, that it gives a third party whom the insurer might have elected to pay the benefit no right to compel the insurer to make the payment to him. Citing Willard v. Prudential Insurance Company, 276 Pa. 427; 28 A. L. R., 1348; Manning v. Prudential Insurance Company, 202 Mo. App., 124, 213 S. W., 897, and numerous other cases.

We are of the opinion that the complainant has no right as a matter of law or equity to maintain his suit against the defendant Company. There is no error in the judgment of the lower Court and it is affirmed. Complainant and his surety on appeal bond will pay all the costs of the cause including the costs of the appeal for which execution will issue.

Heiskell and Senter, JJ., concur.