CLARA E. WELCH et al., Petitioners, Appellants, v. H. E. TAYLOR, Judge, et al., Respondents, Appellees.

No. 42270.

April 3, 1934.

A. C. Lynch, and Raymond N. Klass, for petitioners.

Elwood, Lyons & Elwood, for respondents.

Donegan, J.— In December, 1921, Bankers Life Company issued a policy of insurance on the life of John Welch, a resident of Johnson county, Iowa, in which his wife, Clara E. Welch, was named as beneficiary. Following the death of said John Welch, it appears that a controversy arose between the beneficiary, Clara E. Welch, and the Bankers Life Company, as to its liability under said policy, that a settlement of some kind (the validity or invalidity of which we do not now consider or determine) was made, and the policy surrendered to the Bankers Life Company. Subsequent thereto, and in April, 1933, Clara E. Welch and Harold A. Olson, as plaintiffs, brought an action in Winneshiek county, Iowa, against Bankers Life Company to recover the amount claimed by them to be due under said policy. Attached to said petition was a copy of an assignment alleged to have been executed by Clara E. Welch transferring and assigning to Harold A. Olson, trustee, an undivided one-half interest in and to all her right, title, and interest in said policy of insurance on the life of John Welch, and to any and all proceeds due and unpaid thereon. The defendant Bankers Life Company filed a motion for a change of place of trial, which motion was supported by an affidavit of J. P. Lorentzen, one of the attorneys for defendant, and asked that the court grant the defendant a change of place of trial and that the court tax the costs, including attorney's

fees and expenses, as provided by statute, to the plaintiffs. To this motion the plaintiffs filed a resistance.

Hearing was had upon said motion for change of place of trial and plaintiffs' resistance thereto, and the court entered an order which was in part as follows:

"Now Therefore, It Is Ordered, Adjudged and Decreed: That the place of trial of this cause be and is hereby changed and transferred to Johnson County, State of Iowa, being a proper venue and place of trial for said cause, and that said change is ordered and granted at the cost of the plaintiff and said cost shall be taxed by the Clerk against the plaintiff; that the defendant is hereby allowed and awarded as reasonable compensation for his trouble and expense in attending the wrong county, the sum of $100.00 which is hereby taxed in this cause against the plaintiff; that said costs and sum awarded to the defendant as aforesaid shall be paid by the plaintiff to the Clerk of the aforesaid Court on or before the 18th day of August, 1933, and if not so paid and if the papers are not filed on or before the first day of the next term of the District Court of Iowa, in and for Johnson County, as provided in section 11054 of the 1931 Code of Iowa, in either such event, this action shall be dismissed and judgment entered against the plaintiff for said sum and costs.

"To all of which plaintiffs except."

Following the entry of this order, the plaintiffs in said action, who are the petitioners herein, filed a petition for a writ of certiorari in this court, and on August 15, 1933, such writ issued. In this action we are asked to determine the validity of the said order of the district court.

Petitioners allege that they had a right to bring the action against Bankers Life Company in Winneshiek county under section 11043, of the 1931 Code of Iowa, which is as follows:

" * * * Insurance companies may be sued in any county in which their principal place of business is kept, or in which the contract of insurance was made, or in which the loss insured against occurred, or, in case of·insurance against death or disability, in the county of the domicile of the insured at the time the loss occurred, *or in the county of plaintiff's residence.*" (Italics are writer's.)

Respondents argue that the purported assignment to Harold A. Olson, under which the action was brought in Winneshiek county,

was made for the purpose of fixing venue and to vex, annoy, harass, and oppress the defendant and cause it needless expense, and that said assignment was colorable, collusive, fictitious, and a fraud upon the court, and that a venue could not be based thereon. The assignment was in writing and is as follows:

"ASSIGNMENT.

"Iowa City, Iowa. April 10, 1933.

"For a valuable consideration receipt of which is hereby acknowledged, I, Clara Welch, widow of John Welch, deceased, whose death occurred on or about March 2, 1930, hereby sell, transfer and assign an undivided one-half interest in and to all my right, title and interest in and to Bankers Life Company of Des Moines, Iowa, policy number 519586, issued on the life of said John Welch, and to any and all proceeds, due and unpaid thereon, to Harold A. Olson, Trustee, and do authorize said assignee and agree to join with him in any and all legal steps and efforts, including institution and prosecution of action to collect any and all sums due under and on said policy for the death of said John Welch.

"Clara Welch.

"Anna Osborn, witness."

It appears from the evidence introduced on the hearing that the attorneys for the plaintiffs were to receive one-half of the amount recovered, as attorneys' fees, and that the assignment was made to Harold A. Olson, as trustee, to protect said attorneys as to their one-half of the proceeds of the claim against the insurance company. It further appears that A. C. Lynch, one of the attorneys for Clara E. Welch and Harold A. Olson, the assignee, were both residents of Winneshiek county, Iowa. Petitioners claim that, under said assignment, Harold A. Olson had such an interest in said claim as entitled him to join with the beneficiary and assignor, Clara E. Welch, in prosecuting an action against the insurance company under such policy, and that, being a resident of Winneshiek county, Iowa, he, as plaintiff in such action, had a right to bring the same in the county of his residence.

It is the established law of this state that, after a loss has occurred under an insurance policy, the beneficiary may assign his right against the insurer to a third person without the consent of the insurer. Walters v. Washington Insurance Company, 1 Iowa 404, 63 Am. Dec. 451; Mershon v. National Insurance Company, 34 Iowa

87; Benesh v. Mill Owners Mut. Fire Ins. Co., 103 Iowa 465, 72 N. W. 674; Davis v. Bremer County Farmers Mut. Fire Ins. Assn., 154 Iowa 326, 134 N. W. 860; Smith v. Farm Property Mutual Ins. Assn., 199 Iowa 693, 202 N. W. 508.

According to the above authorities, after a loss occurs under a policy of insurance, the relation between the person entitled to the payment of such loss and the insurer is that of creditor and debtor. After the death of the insured, John Welch, the beneficiary under said policy, Clara E. Welch, was, therefore, a creditor of the respondent insurance company as to any amount which might be payable to her under said policy.

Respondents claim, however, that a partial assignment of a chose in action is not recognized in law, unless made with the consent of, or ratified by, the debtor. The authorities cited in support of this contention do not, in our opinion, sustain it. At most, such authorities hold that the assignee of a part of a chose in action cannot prosecute an action against the debtor for the part of the claim thus held by him, because this would amount to a splitting up of a cause of action. We find nothing in the authorities cited by the respondents to prevent the owner of a chose in action from assigning a part of it to another and then joining with the assignee in the prosecution of the entire cause of action. The action in this case was brought by both Clara E. Welch and Harold A. Olson; the claim sued upon was for the entire amount alleged to be due from the respondent insurance company; there was no splitting of the cause of action; and there is nothing in the law to prevent them, as the holders of an entire cause of action, from joining together in its prosecution.

Respondents further contend and cite authorities to support the proposition that an assignment of a chose in action does not confer upon the assignee any greater right or interest than that possessed by the assignor, and does not create in the assignee remedies other than those which were had by the assignor. As to the first part of this contention, that is, that an assignment of a chose in action does not confer upon the assignee any greater right or interest than that possessed by the assignor, there can be no question. It may be conceded also that an assignment does not create in the assignee remedies other than those which were had by the assignor. These propositions, however, are not determinative of the situation presented in this case. Under the statute enacted by the legislature, it is provided

that, in case of insurance against death or disability, an insurance company may be sued in the county of plaintiffs' residence. The word "plaintiff" has a well-defined meaning, and it cannot be assumed that the legislature was not aware of this meaning when it enacted the law as it is now contained in section 11043. Prior to that time, the law had provided that an insurance company might be sued in any county in which it kept its principal place of business, or in which the contract of insurance was made, or in which the loss insured against occurred. The legislature changed this provision by adding thereto the words, "or, in case of insurance against death or disability, in the county of the domicile of the insured at the time the loss occurred, or in the county of plaintiff's residence."

It may be argued that the legislature had in mind that the beneficiary in a case of death or disability might reside in some county other than that in which the insurance company kept its principal place of business, or in which the contract was made, or in which the loss insured against occurred, and that it was for the purpose of allowing such beneficiary to sue in the county of his residence that this change was made in the statute. True, the legislature may have had beneficiaries of insurance policies in mind, but this, even if true, does not establish that other plaintiffs besides beneficiaries were not also in mind when the change in the statute was enacted. The legislature must have known that the term "plaintiff" would include other claimants as well as beneficiaries, and, if it had meant the statute to apply to beneficiaries only, it could easily have said so. Instead of doing this, it authorized insurance companies to be sued in the county of the *plaintiff's* residence. There does not seem to be any ambiguity in this language, and it is not within the province of this court to limit this provision and say that it shall apply to some plaintiffs and shall not apply to others. Nor does the assignment give the assignee greater rights or create in him remedies other than those had by the assignor. One who acquires the right to sue upon such a policy of insurance by assignment from the beneficiary or person to whom such insurance is payable has the right, as plaintiff, to sue the insurance company for whatever may be due under such a policy. The assignment gives him that right and none other. The statute gives him the further right, as plaintiff, to sue in the county of his residence.

Respondents call our attention to and place great stress on the case of Cochburn v. Hawkeye Commercial Men's Association, 163

Iowa 28, 143 N. W. 1006. In that case the residence of the insurer was in Marshall county. The accident occurred in Webster county in which the insured resided. The assured assigned his right under the policy to the plaintiff who brought action in Webster county, in which he also resided. The insurance company contended that the right of the assured to sue in the county of his residence was personal to him and did not pass to his assignee. In passing upon this question, this court said:

"Giving to the statute its fair interpretation, while the right of an assignee to bring suit in his own county and not the county of the residence of the assured may be the subject of doubt, it is clear that when the jurisdiction is laid in the county of the residence of the assured at the time of the loss, even in an action brought by his assignee, such is within the express terms of the statute. The appellant had not the absolute right to be sued in the county of its residence, although, had the plaintiffs so elected, the venue would have been properly laid. While it is claimed that the right granted by the statute is purely personal to the assured, we are of opinion that it may be exercised by his assignee in the place where the assured had the right to sue."

It will be noted that the question which now confronts us was not before the court in the Cochburn case, and, while the court expressed the opinion that the right of the assignee to sue in the county of his residence, if that were not the county of the residence of the assured, might be the subject of doubt, this question was not in the case and was not decided by the court.

Respondents also contend that the assignment was made without consideration, was made merely to evade the provisions of the venue statutes, and was a fraud upon the court. It fairly appears in the evidence that the attorneys for Clara E. Welch, the beneficiary in the policy, were to receive one-half of any recovery in compensation for their services. It further appears that these attorneys were the beneficiaries of the assignment which was made in trust to Harold A. Olson. We think it sufficiently appears, therefore, that the assignment was not without consideration. Even if it were necessary that the consideration pass from the assignee, who in this case was the trustee, to the assignor, it cannot be said that there is no evidence of consideration, because it appears from the evidence

that, in case of recovery, said Olson was to receive compensation for his services as such trustee.

Even if the assignment were made for the purpose of evading the venue statutes so that the action might be brought in the place of residence of the plaintiff in Winneshiek county, it cannot be said that this was a fraud upon the court, if the assignment was otherwise valid. There can be no fraud upon the court in doing what the law authorizes to be done.

It is our opinion that Clara E. Welch, as beneficiary, had a right, after the loss occurred under the policy, to assign one-half of her interest in and to any claim she had under such policy to Olson, as trustee. Under section 10968, Olson, as trustee, had a right to prosecute an action without joining with him the party for whose benefit the action was prosecuted. Clara E. Welch having joined with him as plaintiff in the action, the entire claim against the appellant insurance company was prosecuted in this action, and there could be no complaint that Olson, as trustee, was splitting the action and prosecuting a part of it under his assignment. Being a resident of Winneshiek county and being a plaintiff in the case, he had a right under section 11043 to prosecute this action in Winneshiek county. Having this right under the terms of the statute, it can be no defense thereto, and cannot be ground for a change of place of trial, that the prosecution of this action in Winneshiek county will subject respondent insurance company to greater expense than if it had been prosecuted in the residence of the original beneficiary, Clara E. Welch, in Johnson county. Whatever the motives of the attorney, R. N. Klass, may have been, whether vindictive or otherwise, does not change the rights given to the parties under the law and under the statutes.

Under the facts as they appear in the record in this case, we feel constrained to hold that the district court erred in entering an order requiring the case to be transferred to Johnson county, and in assessing costs and expenses against the plaintiffs.

The writ of certiorari is, therefore, sustained, and the order of the trial court is hereby annulled.—Writ sustained.

CLAUSSEN, C. J., and EVANS ALBERT, KINDIG, MITCHELL, and KINTZINGER, JJ., concur.