GEDDES & MOSS UNDERTAKING & EM-
BALMING CO., Limited, v. METROPOL-
ITAN LIFE INS. CO. *

No. 16341.

Court of Appeal of Louisiana. Orleans.

April 20, 1936.

Jno. T. Charbonnet, of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar and Wood Brown, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by the assignee of five policies of industrial life insurance aggregating $616 against the insurer.

There was judgment below maintaining an exception of no cause of action, and plaintiff has appealed.

The petition alleges that the Metropolitan Life Insurance Company issued the policies of insurance on the life of Silas Therell; that each of the policies, when originally issued, were payable to the executor or administrator of the insured and each included the facility of payment clause; that in three of the policies Pauline Rhinehart, the daughter of the insured, was subsequently, on April 30, 1934, designated as beneficiary by an indorsement on the policies reading as follows: "Subject to the provisions of the policy authorizing payment at the Company's option to other persons Pauline Rhinehart, daughter, has been designated beneficiary to receive death benefits only." That Silas Therell, the insured, died in the city of New Orleans on March 1, 1935; that on March 4, 1935, Pauline Rhinehart assigned to the plaintiff, Geddes & Moss Undertaking & Embalming Company, Limited, all of her right, title, and interest in the five policies in consideration of funeral services performed and materials furnished by the assignee; that the Metropolitan Life Insurance Company was notified of the assignment on March 21, 1935, and that, notwithstanding said notice of assignment, it paid to Pauline Rhinehart on April 4, 1935, the avails of the policies in disregard of the protest of the assignee.

By agreement of counsel, the policies, which, according to the allegations of the petition, had been delivered to the defendant, with proofs of loss, were made part of the petition, and it was stipulated that the policies should be considered in connection with the exception.

The exception of no cause of action is based upon two propositions of law:

First, the assignment to plaintiff was invalid because of a prohibition against assignment of "any benefits" due under the policy contained in each of the policies.

Second, that in view of the facility of payment clause, Pauline Rhinehart had no absolute right, which could be assigned, to collect the proceeds of the policies, and that, in selecting her among a number of

others whom it might favor, it acted from choice and not legal compulsion.

■ Four of the policies contained the following provision with reference to assignment: "Any assignment or pledge of this policy or of any benefits hereunder shall be void and of no effect," and the other policy the following: "If this policy be assigned or otherwise parted with * * * this policy shall be void."

Similar clauses have been held effective. Moise v. Mutual Reserve Fund Life Association, 45 La.Ann. 736, 13 So. 170. And it has been held that even after the death of an assured this clause in the policy would operate to prevent the assignment by the beneficiary. Lockridge v. Metropolitan Life Insurance Company, 13 Tenn.App. 515. It appears to us, however, that a distinction is to be made between the assignment of a policy before and after loss has accrued thereon, and that the majority opinion sustains the view that such stipulations in policies do not prevent assignment after the loss has occurred.

"General stipulations in policies, prohibiting assignment thereof, except with the insurer's consent, or upon giving some notice, on like conditions, have universally been held to apply only to assignments before loss, and, accordingly, non-compliance or non-conformity therewith does not prevent an assignment, after loss, of the claim or interest of the insured in the insurance money then due in respect to the loss." Couch on Insurance, vol. 6, p. 5276, § 1459.

"An assignment of the policy after loss is in effect no more than an assignment of a claim against the company, and is valid though the policy expressly provides against an assignment either before or after loss. Such a stipulation, as applied to an assignment after loss, is void as against public policy." Cooley's Briefs on Insurance, vol. 7, p. 6310.

"A provision in a policy against assignment does not apply to assignment after loss, and a specific provision against such an assignment is null and void, as inconsistent with the covenant of indemnity and contrary to public policy." Ruling Case Law, verbo "Insurance," vol. 14, p. 182.

"It is further contended that the policy is void because of a provision therein that it shall be void 'If it be assigned' without the indorsement of the secretary of the insurer. Such provision is, not applicable in the instant case, because the assignment here was not of the policy before the death of the insured, but of the cause of action accruing thereon after loss. 14 R.C.L. 1004. An assignment of a policy, and the right to recover upon it, after maturity, is valid, regardless of the conditions of the policy. Kerr on Insurance, 688." Metropolitan Life Ins. Co. v. Lanigan, 74 Colo. 386, 222 P. 402, 403.

See, also, Welch v. Taylor, 218 Iowa, 209, 254 N.W. 299; Ober & Sons Company v. Phillips-Burttoff Mfg. Co., 145 Ala. 625, 40 So. 278; Smith v. Farm Property Mutual Ins. Ass'n, 199 Iowa, 693, 202 N.W. 508; Perry v. Merchants' Insurance Company, 25 Ala. 355.

Defendant itself, in another jurisdiction, appears to have been sensitive of the great weight of authority, as appears from the following excerpt from Williams v. Metropolitan Life Insurance Company (Mo. App.) 233 S.W. 248, 249: "Defendant tried the case in the court below upon the theory that William Crook was the regular beneficiary, to whom payment must be made, but that the assignment was void and did not vest any right of action in plaintiff. In its brief in this court it concedes that the rule against assignment of an insurance policy does not apply to a claim arising after loss or maturity of the policy. 14 R.C.L. § 182; Floyd v. Insurance Co., 72 Mo.App. 455."

We conclude on this point that the assignment to the plaintiffs of the interest of Pauline Rhinehart in the five policies of insurance was valid, and proceed to a consideration of the second defense.

The facility of payment clause reads as follows: "In case of such prior death of the insured the Company may pay the amount due under this policy either to the beneficiary named above or to the executor or administrator, husband or wife, or any relative by blood of the insured, or any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his or her burial, and the production of a receipt signed by either of them shall be conclusive evidence that all claims under this policy have been satisfied."

■ In the three policies in which Pauline Rhinehart was named beneficiary she could have maintained an action against the insurer on the policies, notwithstanding the fact that her designation

as beneficiary was subject to the facility of payment clause. Smooth v. Metropolitan Life Insurance Company (La.App.) 157 So. 298. On the other two policies Pauline Rhinehart, as the daughter, might have been selected by the insurer as one of those to whom it was permitted to pay the loss under the facility of payment clause, being a relative by blood, but she had no right of action against the insurer on the other policies. Dorsey v. Metropolitan Life Insurance Company (La.App.) 145 So. 304; Crump v. Metropolitan Life Insurance Company, 183 La. 55, 162 So. 800; Toles v. Metropolitan Life Insurance Company (La. App.) 166 So. 172.

Pauline Rhinehart's interest in the three policies in which she was named as beneficiary was of somewhat greater dignity than in the other two policies in which she was not so designated. At least, she was in a position, as to these three policies, to assert a claim to the proceeds—a claim, however, which would be sufficiently answered by proof on the part of the defendant insurance company that it had elected to pay some other person comprehended within the facility of payment clause. This right to judicially assert a claim defeasible in the manner we have indicated is the only distinction which can be made between the interest of Pauline Rhinehart in the three policies in which she was named beneficiary and the two in which she was not so designated, a distinction without a difference in so far as the issue now under consideration is concerned, because, in assigning her right, title, and interest in the policies to the plaintiff, she parted with whatever benefits, active or passive, fixed or contingent, which she had in the five policies. In the two policies in which she was not named beneficiary she was, by virtue of a provision in the policy, one of a number of persons who might receive, or to whom the insurer in its discretion, or caprice (if you will), might have paid the avails of the policies. This court and others have frequently held that under a facility of payment clause an insurer might pay to any one within the categories mentioned therein, and that such payment would constitute full discharge of its obligation under the policy. It need not pay the named beneficiary, nor the executor or administrator, husband or wife, for example, and it might pay any blood relation, a brother, sister, mother, father, etc., of the insured, or any person appearing to it to be equitably entitled to be paid because of having incurred the expenses of the burial of the insured. It thus appears that the defendant had a wide discretion in the payment of claims under the policies. It was under no obligation here, for example, to pay Pauline Rhinehart, the daughter of the insured, who was, of course, a blood relative, but it might have done so, and such payment would have constituted a bar to any action by any other person claiming an interest in the policy. But it could not do so after having received notice of the assignment of Pauline Rhinehart's interest in the policies to a third person, without involving itself with liability to the assignee. We make no distinction between the policies in which Pauline Rhinehart was named beneficiary and those in which she was not, because she had an interest in all of the policies, a little different, as we have seen, in two of them, but whatever beneficial interest she had in each and every policy was assigned by her to the plaintiff. It was only because of this interest, active, passive, or receptive, in the policies, that the insurer paid her the proceeds. This interest she had assigned and the insurer had notice of the assignment, according to the allegations of the petition, before the money was paid to her. Payment by the debtor to the assignor, after notice of the assignment, is no defense to the claim of the assignee. Corpus Juris, vol. 5, Verbo "Assignments", p. 960; Sintes v. Commerford, 112 La. 706, 36 So. 656; Norwood v. Pettis, 10 La.Ann. 259; Holz v. Louisiana Levee Company, Man.Unrep.Cas. 445; Camors v. People's Insurance Company, Man.Unrep.Cas. 167.

Our conclusion is that the judgment maintaining the exception of no cause of action must be reversed and the cause remanded.

It is ordered, adjudged, and decreed that the judgment appealed from be, and it is, reversed, the exception of no cause of action overruled, and this cause remanded to the Civil District Court for the parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.